UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

SHARIF STINSON, et al.,

                Plaintiffs,

  - against -

CITY OF NEW YORK, et al.,

                Defendants.

------------------------------------X

10 Civ. 4228 (RWS)

OPINION



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/19/12

A P P E A R A N C E S:

    Attorneys for the Plaintiff

    COHEN & FITCH LLP
    225 Broadway, Suite 2700
    New York, NY  10007
    By:  Joshua P. Fitch, Esq.
         Gerald M. Cohen, Esq.

    THE LAW OFFICES OF JON L. NORINSBERG, ESQ.
    225 Broadway, Suite 2700
    New York, NY 10007
    By:  Jon L. Norinsberg, Esq.

    Attorneys for the Defendants

    MICHAEL A. CARDOZO
    CORPORATION COUNSEL OF THE CITY OF NEW YORK
    100 Church Street
    New York, NY  10007
    By:  Qiana C. Smith-Williams, Esq.

**Sweet, D.J.**

Defendants have moved, pursuant to Local Civil Rule 6.3, for reconsideration of the April 23, 2012 opinion (the "April 23 Opinion) in which the Court granted Plaintiffs' motion for class certification.  Because Defendants have failed to identify any controlling law or facts the April 23 Opinion overlooked, the motion for reconsideration is denied.

**Prior Proceedings**

A detailed recitation of the prior proceedings and facts of this case is provided in the April 23 Opinion granting Plaintiffs' motion for class certification.  See Stinson v. City of N.Y., No. 10 Civ. 4228(RWS), 2012 WL 1450553, at *2-5 (S.D.N.Y. Apr. 23, 2012).  Familiarity with these prior proceedings and facts is assumed.

Defendants' motion for reconsideration highlights two aspects of the April 23 Opinion: (1) the Court's determination that the proposed class was ascertainable, and (2) the Court's determination that Plaintiffs had adequately alleged a specific policy promulgated by Defendants, namely that Defendants have established a practice by which NYPD officers issue summonses

1

without probable cause in order to meet a summons quota.  Because
it provides a background to Defendants' motion, these two aspects
of the April 23 Opinion will be reviewed.

## A. The April 23 Opinion's Holding Regarding Ascertainability

The April 23 Opinion addressed the implied requirement
that Fed. R. Civ. P. 23(a) requires that a proposed class be
ascertainable.  See Stinson, 2012 WL 1450553, at *12-18.  In
reaching this conclusion, the Court noted that the Citywide Summons
Operation involves a two-step review process: first, the Central
Receiving Unit conducts a defect review, dismissing those summonses
that include a serious defect such as a missing signature or
narrative or improper return date; second, the Associate Court
Clerk and Supervising Judge in each county coordinates a process
where the summonses are reviewed for facial sufficiency.  To
precisely describe what is meant by the term "facial sufficiency,"
the April 23 Opinion delved into the specific sections of the New
York Criminal Procedure Law applicable to the NYPD's summons
issuance operation.  The April 23 Opinion described how these
"summonses" are better described as "appearance tickets" under the
C.P.L., see id. at *13-14, and that a police officer issuing an
appearance ticket subsequently files an "accusatory instrument" in
the Criminal Court of the City of New York, id. at *15.  The C.P.L.

2

requires the "accusatory instrument" to be facially sufficient, as mandated by N.Y. C.P.L. §§ 100.40 and 100.15.

Applying these statutes, the April 23 Opinion held that the facial sufficiency review conducted as part of the Citywide Summons Operation - the second step of the two-part review process described above - involved a judicial determination as to whether the summons issued lacked probable cause. As an initial step, the Court noted that the term "reasonable cause," used in N.Y. C.P.L. § 100.40(1)(b), has been held to be synonymous with "probable cause." See Stinson, 2012 WL 1450553, at *16. The April 23 Opinion then noted that, although other reasons for dismissal at the facial sufficiency review stage are possible, it is unlikely that these alternative rationales apply to the summonses at issue in this litigation:

> As noted above, N.Y. C.P.L. § 100.15 requires dismissal of a summons that fails to state the court in which it is filed, the title of the action, the name of the subscribing complainant, the offense charged or a sufficiently descriptive factual statement, and § 100.40(1)(c) requires non-hearsay allegations to establish each element of the offense. Under the summons review process described above, the technical errors enumerated in N.Y. C.P.L. § 100.15 are addressed in the defect review conducted prior to the judicial determination of facial sufficiency. With respect to N.Y. C.P.L. § 100.40(1)(c), the offenses for which the summonses in this case are being issued establish lack of non-hearsay allegations to be an improbable reason for dismissal. According to the [Office of Court Administration] statistics, the offenses for which the most summonses were issued include

3

consumption of alcohol on [the street,] disorderly conduct,
violations of motor vehicle safety rules, bicycle on the
sidewalk, trespass, offensive matter in the street/public
place, failure to comply with signs/parking offenses, reckless
driving, littering, unlawfully being in the park after hours,
unlawful possession of marijuana, unreasonable noise,
unlicensed operation of a vehicle, unlicensed vending and
operation of a motor vehicle with a suspended registration.
Given the nature of these offenses, and Plaintiffs' deposition
testimony describing how summonses were issued on the basis of
NYPD officers' personal observations, an overwhelming number
of the summonses found to be facially sufficient would not be
dismissed on hearsay grounds pursuant to N.Y. C.P.L. §
100.40(1)(c).  Thus, the Citywide Summon Operation's two-step
review process and the nature of the offenses involved
establish the vast majority of those summonses failing to
survive judicial review for facial sufficiency to have been
dismissed for want of probable cause.

Stinson, 2012 WL 1450553, at *16.  Accordingly, the April 23

Opinion held that Plaintiffs had established the implied Rule 23(a)

requirement of ascertainability.

## B. The April 23 Opinion's Holding Regarding Commonality

In addition to focusing on the April 23 Opinion's

discussion of ascertainability, Defendants' motion for

reconsideration also addresses the April 23 Opinion's holding that

Plaintiffs met the commonality prong of Fed. R. Civ. P. 23(a).  In

considering Rule 23(a)'s commonality requirement, the April 23

Opinion addressed the Supreme Court's decision in Wal-Mart Stores,

Inc. v. Dukes, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), in which the

4

Supreme Court addressed Rule 23(a)'s commonality requirement in the context of Wal-Mart employees' Title VII claims alleging unlawful sexual discrimination in pay and promotion. See Stinson, 2012 WL 1450553, at *8-9.  In Dukes, the Supreme Court held that the Wal-Mart employees had failed to allege commonality, which requires a "common connection" among putative plaintiffs' claims.  See Dukes, 131 S.Ct. at 2551.  The Supreme Court held that such a "common connection" was lacking in Dukes because the basis for liability was not merely disfavor in pay and promotion, but the reason why each class member was disfavored:

> The only corporate policy that plaintiffs' evidence
> convincingly establishes is Wal-Mart's 'policy' of allowing
> discretion by local supervisors over employment matters.  On
> its face, of course, that is just the opposite of a uniform
> employment practice that would provide the commonality needed
> for a class action; it is a policy against having uniform
> employment practices.

Id. at 2554.  Because the Wal-Mart employees had failed to identify a corporate policy that led to the local managers' discretion being exercised in a uniformly discriminatory way, the Supreme Court held commonality to be lacking.  See id. at 2556-57.  The April 23 Opinion distinguished Dukes from this case, noting that, "[u]nlike in Dukes where the plaintiffs alleged a corporate policy of discretion to local managers and a corporate culture hostile to the advancement of women, Plaintiffs here have alleged a specific

policy promulgated by Defendants, namely, that Defendants have established a practice by which NYPD officers issue summonses without probable cause in order to meet a summons quota." Stinson, 2012 WL 1450553, at *9.  As such, the April 23 Opinion held that Plaintiffs had established the express Rule 23(a) requirement of commonality.


**The Applicable Standard**


Defendants request reconsideration of the April 23 Opinion pursuant to Local Civil Rule 6.3.  The standard governing motions under Local Civil Rule 6.3 is the same as that governing motions made pursuant to Fed. R. Civ. P. 59, see Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007), and a court may grant reconsideration where "the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. at 376 (quoting In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003)).  Additionally, the party moving for reconsideration can obtain relief by demonstrating an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. (quotation marks and citations omitted); Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)

("Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.") (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701-02 (S.D.N.Y. 2001) (granting reconsideration due to the court's erroneous application of a statute).  The moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.  See Linden v. Dist. Council 1707-AFSCME, 415 Fed. Appx. 337, 338-39 (2d Cir. 2011) (affirming dismissal of reconsideration motion as movant did not identify any relevant facts or controlling authority that the lower court overlooked); Lichtenberg v. Besicorp Grp. Inc., 28 Fed. Appx. 73, 75 (2d Cir. 2002) (affirming dismissal of reconsideration motion where movant "failed to demonstrate that the [lower] court overlooked any fact of consequence or controlling legal authority at the time the court decided [the case]").

The reason for the rule confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with

additional matters." Polsby v. St. Martin's Press, Inc., No. 97
Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)
(citation and quotation marks omitted).  A court must narrowly
construe and strictly apply Local Civil Rule 6.3, so as to avoid
duplicative rulings on previously considered issues, and to prevent
the rule from being used as a substitute for appealing a final
judgment.  See In re Bear Stearns Cos., Inc. Sec., Derivative and
ERISA Litig., 08 M.D.L. No. 1963, 2009 WL 2168767, at *1 (S.D.N.Y.
Jul. 16, 2009) ("A motion for reconsideration is not a motion to
reargue those issues already considered when a party does not like
the way the original motion was resolved.") (quoting Davey v.
Polan, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007)); ResQNet.com v.
Lansa, Inc., No. 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y.
Sept. 25, 2008) ("The standard for granting such a motion is
strict, and reconsideration will generally be denied unless the
moving party can point to controlling decisions or data that the
court overlooked—matters, in other words, that might reasonably be
expected to alter the conclusion reached by the court.") (citations
and quotation marks omitted); Ballard v. Parkstone Energy, LLC, No.
06 Civ. 13099, 2008 WL 4298572, at *1 (S.D.N.Y. Sept. 19, 2008)
("Local Rule 6.3 is to be narrowly construed and strictly applied
in order to avoid repetitive arguments on issues that the court has
fully considered.") (quoting Abrahamson v. Bd. of Educ. of the

Wappingers Cent. Sch. Dist., 237 F. Supp. 2d 507, 510 (S.D.N.Y.
2002).

Motions for reconsideration "are not vehicles for taking
a second bite at the apple, . . . and [the court] [should] not
consider facts not in the record to be facts that the court
overlooked." Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir.
2008) (citation and quotation marks omitted).

**Defendants' Motion For Reconsideration Is Denied**

Defendants request reconsideration of the April 23
Opinion on grounds that the proposed class fails to meet the
requirements of Fed. R. Civ. P. 23(a).  First, Defendants contend
that the proposed class does not meet the implied Rule 23(a)
requirement of ascertainability because the April 23 Opinion
misinterpreted the applicable provisions of the New York Criminal
Procedure Law and overlooked case law interpreting those
provisions.  Second, Defendants contend that the April 23 Opinion
incorrectly addressed the issue of commonality, as the proposed
class did not meet Rule 23(a)'s commonality requirement because
Plaintiffs have failed to demonstrate a municipal policy or
practice.  Because Defendants have failed to demonstrate that the
Court overlooked any fact of consequence or controlling legal

9

authority in the April 23 Opinion, Defendants motion for
reconsideration is denied.

## A. Defendants Raise No Controlling Law Or Facts The April 23 Opinion Overlooked To Warrant Reconsideration Of The Ascertainability Issue

Defendants raise three main arguments against the April
23 Opinion's determination that the proposed class is ascertainable
under Fed. R. Civ. P. 23(a).  First, Defendants contend that a
"reasonable cause" determination under N.Y. C.P.L. § 100.40(1)(b)
is not a merits-based finding of a lack of probable cause.  Second,
Defendants contend that, the April 23 Opinion ignored the fact
that, in addition to requiring non-hearsay allegations, N.Y. C.P.L.
§ 100.40(1)(c) requires an accusatory instrument to set forth a
prima facie case, thereby presenting grounds upon which a summons
may have been dismissed independent of any lack of probable cause.
Finally, Defendants suggest that the April 23 Opinion's use of a
rebuttable presumption in defining the class is inappropriate.

### 1. Defendants Fail To Raise Controlling Law Or Facts That The April 23 Opinion Overlooked Concerning N.Y. C.P.L. § 100.40(1)(b)

According to Defendants, the proposed class is not
ascertainable because a "reasonable cause" determination under N.Y.

C.P.L. § 100.40(1)(b) is not a merits-based finding of a lack of probable cause.  Defendants contend that the April 23 Opinion overlooked applicable New York case law concerning the interpretation of the sections of the Criminal Procedure Law cited above and that this case law does not support the finding that a dismissal on the basis of facial insufficiency necessarily implicates a judicial determination of probable cause.

Citing the New York Court of Appeals case People v. Dreyden, 15 N.Y.3d 100, 905 N.Y.S.2d 542, 931 N.E.2d 526 (2010), Defendants contend that, under N.Y. C.P.L. § 100.40(1)(b), a determination of facial sufficiency is not a merits-based determination of whether there was probable cause to summons an individual, rather it is a jurisdictional determination that must be made prior to arraignment to ensure that the court has jurisdiction to hear a criminal matter.  In Dreyden, the Court of Appeals held that a "valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution," Dreyden, 15 N.Y.3d at 103, and that an arresting officer's allegation failed to provide sufficient detail of the criminal conduct, thereby violating the reasonable cause requirement of N.Y. C.P.L. § 100.40.  Defendants contend that this Court of Appeals case establishes that dismissal on the basis of facial insufficiency is not a merits-based determination of whether

an officer had probable cause.  According to Defendants, the fact
that the defendant in Dreyden pled guilty removes any doubt that
probable cause existed and undercuts the idea that a dismissal on
the basis of facial insufficiency is merits-based rather than
jurisdictional.

Additionally, Defendants contend that the fact that New
York courts allow prosecutors to re-file a facially deficient
accusatory instrument in order to cure deficiencies belies the
notion that the judiciary engages in a merits-based probable cause
analysis in dismissing a summons the basis of facial insufficiency.
As such, Defendants state that a proposed class of the entire pool
of summonses dismissed for facial insufficiency is inappropriate,
as those dismissals do not necessarily implicate a judicial merits-
based determination of a lack of probable cause, and the proposed
class is not ascertainable without engaging in tens of thousands,
if not hundreds of thousands, of mini-trials to assess whether a
particular plaintiff was issued a summons without probable cause.

In further support of this argument, Defendants cite Haus
v. City of New York, No. 03 Civ. 4915(RWS)(MHD) (S.D.N.Y. Aug. 31,
2011) where plaintiffs alleged that the summonses issued to them
were devoid of probable cause due to defects on the face of the
summons.  The Court rejected plaintiffs' argument, noting that

12

"[t]he existence or non-existence of probable cause is measured by
the events occurring at the time of arrest, and while a defect in
the charging document may lead to the dismissal of the charge, that
does not demonstrate that the arrest was invalid." Id. at 245.

Defendants' contentions fail to establish grounds for
reconsideration of the April 23 Opinion.  None of the briefing
related to Plaintiffs' class certification motion cited the People
v. Dreyden decision, nor was the case raised at oral argument.
With respect to Haus v. City of New York, the April 23 Opinion
squarely addressed the issue Defendants' identify, recognizing
that, while there are alternative reasons for dismissal of a
summons other than a lack of probable cause, an analysis of the
applicable statutes and the Citywide Summons Operation's two-stage
review process leads to the conclusion that the overwhelming
majority of summonses dismissed at the facial sufficiency review
stage were dismissed for want of probable cause.  See Stinson, 2012
WL 1450553, at *16.  Defendants' citations to the Dreyden and Haus
decisions fail to raise a point of law or controlling authority the
April 23 Opinion overlooked.

Furthermore, Defendants' contention that the Citywide
Summons Operation's facial sufficiency review does not involve a
judicial determination of whether the summons issued lacked

probable cause is misguided.  As was noted in the April 23 Opinion,
"[t]he term 'reasonable cause' is synonymous with 'probable
cause.'"  Stinson, 2012 WL 1450553, at *16 (citing Raysor v. Port
Auth., 768 F.2d 34, 40 (2d Cir. 1985); Hahn v. County of Otsego,
820 F. Supp. 54, 58 (N.D.N.Y. 1993)); see also Williams v. Ward,
845 F.2d 374, 387 n.16 (2d Cir. 1988) ("'Reasonable cause' under
the Criminal Procedure Law 'is substantially the same as 'probable
cause' within the meaning of the Fourth Amendment.'") (quoting
Greene v. Brown, 535 F. Supp. 1096, 1100 (E.D.N.Y. 1982)).  As was
explained in the April 23 Opinion, Plaintiffs need only establish
the Rule 23(a) factors by a preponderance of the evidence, see In
re Flag Telecom Holdings, Ltd. Sec. Litig., 574 F.3d 29, 35 (2d
Cir. 2009), and "[a]lthough other reasons for dismissal at the
facial sufficiency review stage are possible, it is unlikely that
these alternative rationales apply to the summonses at issue in
this litigation."  Stinson, 2012 WL 1450553, at *16.  While
Defendants are correct that dismissal pursuant to N.Y. C.P.L. §
100.40(1)(b) is not, to the exclusion of all other rationales, a
determination that a summons was issued without probable cause, the
April 23 Opinion held that "the Citywide Summon Operation's two-
step review process and the nature of the offenses involved
establish the vast majority of those summonses failing to survive
judicial review for facial sufficiency to have been dismissed for
want of probable cause."  Stinson, 2012 WL 1450553, at *16.

14

Because Defendants have failed to raise controlling law that the April 23 Opinion overlooked regarding N.Y. C.P.L. § 100.40(1)(b)'s reasonable cause requirement, Defendants' motion for reconsideration based on this issue is denied.

> ### 2. Defendants Fail To Raise Controlling Law Or Facts That The April 23 Opinion Overlooked Concerning N.Y. C.P.L. § 100.40(1)(c)

In addition to the argument that a determination that a summons lacked reasonable cause under N.Y. C.P.L. § 100.40(1)(b) does not establish a merits-based determination that a summons was issued without probable cause, Defendants attack the April 23 Opinion's reasoning concerning N.Y. C.P.L. § 100.40(1)(c), noting that this section of the Criminal Procedure Law, in addition to requiring non-hearsay allegations, also requires that the officer issuing the summons set forth factual allegations supporting every element of the crime charged. Defendants note that criminal informations are frequently dismissed for failing to satisfy this prima facie requirement. According to Defendants, a summons may be dismissed as facially insufficient as a result of an officer's failure to meet the prima facie requirement of N.Y. C.P.L. § 100.40(1)(c), a standard that has no bearing on the question of probable cause.

15

Notwithstanding Defendants' contentions, the April 23 Opinion considered the requirements of N.Y. C.P.L. § 100.40(1)(c) and held that the nature of the offenses involved in this litigation established N.Y. C.P.L. § 100.40(1)(c) to be an improbable reason for dismissal.  See Stinson, 2012 WL 1450553, at *16.  None of the cases Defendants cite in support of their argument that reconsideration is warranted on the basis of the April 23 Opinion's misinterpretation of N.Y. C.P.L. § 100.40(1)(c) were cited in the initial class certification briefing.  Defendants have thus failed to identify an issue the April 23 Opinion overlooked and reconsideration is unwarranted.

Even if Defendants had identified controlling law the April 23 Opinion overlooked, applicable precedent from the New York Court of Appeals defining the requirements of N.Y. C.P.L. §§ 100.40(1)(b) and 100.40(1)(c) reveals Defendants' interpretation of these statutes to be incorrect.  In People v. Dreyden, the Court of Appeals addressed the facial sufficiency of a misdemeanor complaint alleging possession of a gravity knife, holding that the accusatory instrument lacked reasonable cause under N.Y. C.P.L. § 100.40(4)(b):

"The factual part of a misdemeanor complaint must allege
'facts of an evidentiary character' [citing N.Y. C.P.L. §
100.15(3)] demonstrating 'reasonable cause' to believe the
defendant committed the crime charged [citing N.Y. C.P.L. §
100.40(4)(b)]."  People v. Dumas, 68 N.Y.2d 729, 731 (1986). .
. .

Here, the misdemeanor complaint, insofar as it described the
arresting officer's conclusion that defendant had a gravity
knife, failed to give any support or explanation whatsoever
for the officer's belief.  That violation of the "reasonable
cause" requirement amounted to a jurisdictional defect. . . .

Not every knife is a weapon for purposes of Penal Law §
265.01(1), which specifically outlaws possession of a gravity
knife, among other weapons. . . . A conclusory statement that
an object recovered from a defendant is a gravity knife does
not alone meet the reasonable cause requirement.

Dreyden, 15 N.Y.3d at 102-04.  As such, the Court of Appeals held

that the accusatory instrument at issue in Dreyden ran afoul of

N.Y. C.P.L. § 100.40(4)(b)'s reasonable cause requirement for

misdemeanor complaints because it failed to provide sufficient

facts alleging that the object recovered was a gravity knife.  In

order to satisfy the statutory requirement that an accusatory

instrument allege facts of an evidentiary nature demonstrating

reasonable cause to believe that the defendant committed the crime

charged, an accusatory instrument must establish the requisite

elements of that offense.  Put differently, the reasonable cause

provision of N.Y. C.P.L. § 100.40(4)(b) requires that the

accusatory instrument provide a prima facie case.

17

Although N.Y. C.P.L. § 100.40(4)(b) pertains to misdemeanor complaints and not the summonses at issue in this litigation, the Court of Appeal's interpretation of this statute is relevant because the language of N.Y. C.P.L. § 100.40(4)(b) and N.Y. C.P.L. § 100.40(1)(b) is nearly verbatim.  Accordingly, the Court of Appeals' holding in Dreyden that the reasonable cause provision of N.Y. C.P.L. § 100.40(4)(b) requires a prima facie case is equally applicable to the reasonable cause provision of N.Y. C.P.L. § 100.40(1)(b).

A basic premise of statutory interpretation "disfavor[s] interpretations of statutes that render language superfluous." Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992); see also Conn. ex rel. Blumenthal v. U.S. Dep't of Interior, 228 F.3d 82, 88 (2d Cir. 2000).  However, interpreting N.Y. C.P.L. § 100.40(1)(b)'s reasonable cause requirement to require that the information include facts sufficient to allege the elements of the offense charged does not render N.Y. C.P.L. § 100.40(1)(b) duplicative of N.Y. C.P.L. § 100.40(1)(c).  N.Y. C.P.L. § 100.40(1)(c) mandates that "[n]on-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof."  N.Y. C.P.L. § 100.40(1)(c).  As such, the focus of this provision of the Criminal

18

Procedure Law is not that the information provide a prima facie

case; instead, the focus is that an information provide non-hearsay

allegations to support each element of the offense.   The New York

Court of Appeals, in the case of People v. Alejandro, confirms this

interpretation of the statute:

> The reason for requiring the additional showing of a prima
> facie case for an information lies in the unique function that
> an information serves under the statutory scheme established
> by the Criminal Procedure Law.   An information is often the
> instrument upon which the defendant is prosecuted for a
> misdemeanor or a petty offense.   Unlike a felony complaint, it
> is not followed by a preliminary hearing and a Grand Jury
> proceeding.   Thus, the People need not, at any time prior to
> trial, present actual evidence demonstrating a prima facie
> case, as with an indictment following a felony complaint.
>
> Because an information must, for jurisdictional purposes,
> contain nonhearsay factual allegations sufficient to establish
> a prima facie case, a prosecutor's hearsay statements, set
> forth in a bill of particulars, cannot supply necessary
> factual allegations to cure a deficient information.   By
> contrast, an indictment, which presupposes that the Grand
> Jury, before issuance of the indictment, has found that a
> prima facie case exists may, as a pleading, be corrected by a
> bill of particulars. . . .
>
> That it was this distinguishing characteristic of an
> information - its use as the sole instrument upon which the
> defendant could be prosecuted - which prompted the Legislature
> to write in the special restrictions applicable to
> informations found in C.P.L. § 100.40(1)(c) and 100.15 (3) is
> confirmed by the legislative history leading to the enactment
> of these sections as part of the Criminal Procedure Law.

People v. Alejandro, 70 N.Y.2d 133, 138, 517 N.Y.S.2d 927, 511

N.E.2d 71 (1987) (citations omitted).   Thus, the Court of Appeals

19

confirms that purpose of N.Y. C.P.L. § 100.40(1)(c) is to ensure
that an information provide non-hearsay allegations detailing the
offense charged.

Defendants' support their contention that N.Y. C.P.L. §
100.40(1)(c) imposes a prima facie case requirement independent of
§ 100.40(1)(b)'s reasonable cause requirement with citations to
People v. Jones, 9 N.Y.3d 259, 848 N.Y.S.2d 600, 878 N.E.2d 1016
(2007), and People v. Alejandro, 70 N.Y.2d 133.  According to
Defendants, in both cases, the accusatory instruments at issue
satisfied the reasonable cause requirement of N.Y. C.P.L. §
100.40(1)(b) but were ultimately dismissed for failing to establish
the prima facie requirement of N.Y. C.P.L. § 100.40(1)(c), thereby
suggesting that a finding of a lack of a prima facie case is
separate and apart from a determination of reasonable cause.

Again, Defendants fail to offer case law the April 23
Opinion overlooked, as neither of these cases was raised in the
initial class certification briefing.  Even if these cases are
considered, Defendants' argument fails.  In People v. Jones, while
the Court of Appeals did rule the accusatory instrument deficient
on grounds that it failed to allege a prima facie case, the Court
of Appeals read the prima facie case requirement as one imposed by
both N.Y. C.P.L. §§ 100.40(1)(b) and 100.40(1)(c).  See Jones, 9

N.Y.3d at 261 ("Paragraphs (b) and (c) of C.P.L. § 100.40(1), read in conjunction, place the burden on the People to make out their prima facie case for the offense charged in the text of the information."). Further, the Court of Appeals in Jones, citing People v. Alejandro, emphasized the rationale for requiring non-hearsay allegations described above, noting that the purpose of N.Y. C.P.L. § 100.40(1)(c) is to provide a defendant with safeguards comparable to the presence of a Grand Jury for felony complaints and a supporting deposition for misdemeanor complaints. See id. at 262. Finally, there no indication in Jones that the Court of Appeals found the reasonable cause requirement of N.Y. C.P.L. § 100.40(1)(b) satisfied.

In People v. Alejandro, the Court of Appeals states that "[t]he 'prima facie case' requirement - that the factual part establish every element of the offense charged [citation to N.Y. C.P.L. § 100.40(1)(c)] - applies, however, to informations alone." However, as described above, the Alejandro Court's description of the reason for the prima facie requirement is focused on the idea that, because of the lack of procedural safeguards, a prosecutor's allegations in an information must be non-hearsay. Furthermore, recent Court of Appeals jurisprudence regarding N.Y. C.P.L. § 100.40(1)(c) suggests the enumerating of elements to be linked with the concept of reasonable cause, see People v. Jackson, 18 N.Y.3d

21

738, 741, 944 N.Y.S.2d 715, 967 N.E.2d 1160 (2012) ("An information is valid for jurisdictional purposes if it contains nonconclusory factual allegations that, if assumed to be true, address each element of the crime charged, thereby affording reasonable cause to believe that defendant committed that offense"), giving further support to the idea that the purpose behind N.Y. C.P.L. § 100.40(1)(c) is to ensure that an information includes non-hearsay allegations.

Because the April 23 Opinion addressed the requirements of N.Y. C.P.L. § 100.40(1)(c), Defendants have failed to demonstrate that the April 23 Opinion overlooked any fact of consequence or controlling legal authority, and reconsideration on the basis of this statutory provision is not warranted.

### 3. Defendants Fail To Raise Controlling Law Or Facts That The April 23 Opinion Overlooked Concerning The Use Of A Rebuttable Presumption To Define The Class

Defendants object to the April 23 Opinion's holding that "[i]ndividuals who were issued summonses that survived the New York City Citywide Summons Operations' defect review but were dismissed during the second-round review process upon a judicial finding of facial insufficiency are presumptive members of the class, but Defendants can challenge any presumptive class member on grounds

22

that the summons at issue was dismissed for reasons other than a

lack of probable cause." Stinson, 2012 WL 1450553, at *17.

Defendants contend that this presumption artificially satisfies the

ascertainability requirement for class certification, and, since

the presumption is rebuttable, class membership cannot be

ascertained until the factual analysis of probable cause for each

summons is undertaken.


Defendants, citing Devenpeck v. Alford, 543 U.S. 146, 125

S.Ct. 588, 160 L.Ed.2d 537 (2004), a case which held that an arrest

is valid if any valid basis existed even if probable cause did not

exist with respect to the stated basis for the arrest, contend that

each summons at issue must be analyzed to determine whether

probable cause existed and that the April 23 Opinion

inappropriately shifted the burden by presuming that every summons

was issued without probable cause.  Defendants state that this case

is similar to Morton v. City of Detroit, No. 11-cv-12925, 2012 WL

1166984 (E.D. Mich. Apr. 9, 2012), a case where plaintiff brought a

class action seeking to declare a loitering ordinance

unconstitutional.  In that case, the Eastern District of Michigan

denied class certification of all individuals ticketed under the

ordinance who appeared in court and had their tickets dismissed

because the "reason each ticket was dismissed may be that there was

insufficient probable cause, but other reasons may have resulted in

23

a dismissal of the ticket, such as when an officer fails to appear in court or the individual entered a plea agreement agreeing to plead guilty to certain charges in exchange for the city attorney dismissing other charges." Morton, 2012 WL 1166984, at *3.

Again, Defendants fail to raise any facts or controlling law the April 23 Opinion overlooked. The April 23 Opinion addressed Devenpeck v. Alford, see Stinson, 2012 WL 1450053, at *18, and the Morton v. City of Detroit case was not presented in the initial class certification briefing. Furthermore, Defendants ignore that that the April 23 Opinion did not blindly impose a presumption that individuals who received summonses were issued those summonses without probable cause. The April 23 Opinion detailed the two-stage review process of the Citywide Summons Operation, evaluated all possible means by which a summons could be dismissed at the facial sufficiency review stage and concluded, under the applicable preponderance of the evidence standard, that it was more likely than not that summonses dismissed at the facial review stage were dismissed for lack of probable cause. Defendants' citation to the Eastern District of Michigan's decision in Morton is unavailing, as the Court in that case did not confront the two-stage Citywide Summons Operation review process or the provisions of the New York Criminal Procedure Law that make class certification appropriate in the present action.

24

Defendants, in the briefing supporting their motion, have

offered an incorrect interpretation of the April 23 Opinion's

holding.  Although Defendants' misinterpretation does not

constitute grounds for reconsideration, some clarification is

appropriate.  Defendants state that "the Court's instruction that

defendants can challenge any of the presumptive class members only

on grounds other than a lack of probable cause is troubling."

Def.'s Mem. at 4 n.2.  Defendants appear to construe this language

to mean that they are only permitted to mount a challenge to a

putative plaintiff's membership in the class based on anything

except whether that putative plaintiff's summons was issued with

probable cause.  The April 23 Opinion, however, held the exact

opposite, namely that Defendants can mount a challenge based

precisely on probable cause as to those summonses Defendants

believe were issued with probable cause notwithstanding the

presumption that these summonses were wrongfully issued:

> Defendants, in their opposition brief, highlight various
> aspects of Plaintiffs' deposition testimony suggesting that at
> least some of the summonses Plaintiffs received were issued
> with probable cause and object to the Court "rubber-stamping a
> proposed class to include anyone who has had a summons
> dismissed."  For this reason, the boundaries of the class have
> been narrowed to include only those putative plaintiffs whose
> summonses were dismissed during the second-step, facial
> sufficiency review process, where the applicable statutes
> suggest the reason for dismissal to be a lack of probable
> cause.  Additionally, affording Defendants the ability to

challenge any putative plaintiff's membership in the class
will ensure that the class is not overly-inclusive.


Stinson, 2012 WL 1450553, at *17 n.6.


**B. Defendants Raise No Controlling Law Or Facts The April 23
Opinion Overlooked To Warrant Reconsideration Of The
Commonality Issue**


In addition to attacking the April 23 Opinion's holding
regarding the implied Rule 23(a) requirement of ascertainability,
Defendants' attack the April 23 Opinion's holding concerning the
express Rule 23(a) requirement of commonality.  However,
Defendants' objections concerning commonality fail to demonstrate
that the April 23 Opinion overlooked any fact of consequence or
controlling legal authority so as to require reconsideration of the
decision to grant class certification.


**1. The April 23 Opinion Addresses The Existence Of A
Policy And The Causal Link Between That Policy And The
NYPD Issuing Summonses Without Probable Cause**


According to Defendants, Plaintiffs in this action suffer
from the same commonality pitfalls as Plaintiffs in the Dukes case,
as the April 23 Opinion overlooked Defendants' contention that
Plaintiffs must present sufficient evidence of a municipal policy

that has caused the alleged constitutional deprivation applicable
to the entire proposed class.  Defendants contend that, even if a
quota exists, Plaintiffs have not presented the "significant" proof
required under Dukes of a municipal policy directing officers to
issue summonses without probable cause or forcing officers to issue
summonses without probable cause in order to meet a quota.
Defendants contend that the evidence relied upon in the April 23
Opinion, including the Office of Court Administration statistics,
tape recordings of roll calls at two police precincts and an
employment arbitration decision, fail to satisfy Plaintiffs' Rule
23 burden.  According to Defendants, the dismissals for facial
insufficiency do not constitute a finding of no probable cause,
Plaintiffs have made no showing that the two speakers on the roll
call tapes are Monell policymakers or that the content of these
tapes represents an NYPD policy sufficient to hold the City of New
York and NYPD liable under Monell, and the arbitration decision
finding traffic summons quotas in the 75th Precinct in 2005 does not
support an NYPD policy of issuing summonses without probable cause.
Defendants note that Plaintiffs have offered no proof that officers
are issuing similar numbers of summonses, thereby suggesting the
existence of a quota, and that the summons issuance process instead
appears to be discretionary, much like the discriminatory policy at
issue in Dukes.  Defendants also contend that, even if it is
assumed that a quota policy exists, Plaintiffs have not presented

27

testimony from NYPD officers that the quota policy prompted them to
issue invalid summonses, nor have Plaintiffs presented any other
evidence suggesting that summonses issued pursuant to this quota
lacked probable cause.

Notwithstanding Defendants' contentions, the April 23
Opinion held that Plaintiffs had established the existence of a
common policy or custom – the quota – as well as the causal link
between that common policy and the harm inflicted on Plaintiffs –
the issuance of summonses without probable cause.  The April 23
Opinion detailed the significant proof establishing the existence
of that policy, including recordings from roll call meetings and
the January 14, 2006 arbitrator's ruling that held that the 75th
Precinct employed a quota with respect to traffic summonses.  See
Stinson, 2012 WL 1450553, at *4-5.  Additionally, the April 23
Opinion noted that 620,149 summonses were dismissed at the second-
round facial sufficiency review stage, and an analysis of New
York's Criminal Procedure Law suggested that the overwhelming
number of these 620,149 summonses were dismissed because they
lacked probable cause.  See Stinson, 2012 WL 1450553, at *3, *16.
The April 23 Opinion expressly defines the theory that Defendants
have an unconstitutional quota policy and that this quota policy
has caused Defendants to issue Plaintiffs summonses that lacked
probable cause.  See Stinson, 2012 WL 1450553, at *9 ("Plaintiffs

here have alleged a specific policy promulgated by Defendants,
namely, that Defendants have established a practice by which NYPD
officers issues summonses without probable cause in order to meet a
summons quota."). As was noted in the April 23 Opinion,
Defendants' citation to Dukes is unavailing, as the decentralized
discretion afforded to local Wal-Mart managers is unlike the
centralized, citywide quota policy alleged here. See id.

Defendants fail to raise any controlling law or facts
that the April 23 Opinion overlooked and, accordingly, have
provided no basis upon which the Court's holding can be
reconsidered.

### 2. The April 23 Opinion's Use Of A Presumption Does Not Inappropriately Establish Commonality

Similar to their argument concerning ascertainability,
Defendants contend that the April 23 Opinion's imposition of a
presumption that a summons was invalidly issued artificially
establishes the element of commonality. Defendants highlight the
cases of Casale v. Kelly, 257 F.R.D. 396 (S.D.N.Y. 2009), and Brown
v. Kelly, 244 F.R.D. 222 (S.D.N.Y. 2007), which both involved the
certification of a class of plaintiffs who had been issued
summonses for violating statutes that had been previously declared

29

unconstitutional.  According to Defendants, in those two cases, the
Court acknowledged that some of the summonses involved may
articulate a charge based on a statute other than the one that had
been previously held unconstitutional, see Devenpeck, 543 U.S. 146
(holding that an arrest is valid if any valid basis existed even if
probable cause did not exist with respect to the stated basis for
the arrest), and that sub-classes could be employed to address
these concerns.  According to Defendants, this case, unlike Casale
or Brown, involves summonses that address a wide range of criminal
violations that are not held together by the glue of having been
issued pursuant to a specific unconstitutional statute.  Because
the certified class in this case does not have this glue of
commonality, Defendants contend that it is, in fact, more like the
subclasses for which particularized determination of probable cause
are necessary.

        The April 23 Opinion addressed Casale, Brown and
Devenpeck and applied the holdings of those cases to the present
action.  Although the present action, unlike Casale or Brown, does
not revolve around a single unconstitutional statute, it does
revolve around a single alleged quota policy.  Based on the
evidence presented, the April 23 Opinion concluded that a
preponderance of the evidence suggested the existence of a specific
quota policy promulgated by Defendants that was common to each

Plaintiffs' claim for relief.  Defendants have failed to raise new facts or law to rebut the April 23 Opinion's holding regarding the existence of this quota policy and are therefore not entitled to reconsideration.

### 3. The April 23 Opinion Establishes Rule 23(b)(2) and Rule 23(b)(3) Requirements To Be Met

Finally, Defendants state that, because Plaintiffs have not identified a municipal policy, Plaintiffs cannot meet the requirements of Rule 23(b)(2) or the more stringent predominance requirement of Rule 23(b)(3).  See Aguilar v. Immigration and Customs Enforcement Div. of the U.S. Dep't of Homeland Sec., No. 07 Civ. 8225(KBF), 2012 WL 1344417, at *9 (S.D.N.Y. Apr. 16, 2012) ("[F]or the same reasons that plaintiffs are unable to satisfy the commonality requirement of Rule 23(a), they are unable to satisfy the requirement of 23(b)(2) that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."); see also Moore v. Paine Webber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002).  As noted above, the April 23 Opinion detailed the evidence supporting the existence of a municipal policy.  Because Defendants' motion for reconsideration has failed to present

31

overlooked law or facts that undermine the April 23 Opinion regarding this issue, Defendants' arguments concerning Plaintiffs' failure to meet the requirements of Rule 23(b)(2) or Rule 23(b)(3) are rejected.

**Conclusion**

Based on the conclusions set forth above, Defendants' motion for reconsideration is denied.

It is so ordered.

**New York, NY**
**July /3 , 2012**

_____
ROBERT W. SWEET
U.S.D.J.

32