## quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7325

WRITER'S INTERNET ADDRESS
elinorsutton@quinnemanuel.com

March 6, 2014

**VIA E-MAIL AND HAND DELIVERY**
Hon. Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Oral Argument Requested
March 19, 2014

Re: *Stinson v. City of New York*, No. 10-cv-4228 (RWS)
Contains Material Designated Confidential – Attorneys' Eyes Only

Your Honor:

      We represent plaintiffs in the above referenced class action. Pursuant to Local Civil Rule 37.3 and Fed. R. Civ. P. 37(b), we write respectfully to request that the Court issue an Order compelling defendant City of New York ("the City") to provide certain outstanding discovery in this matter. Specifically, plaintiffs move to compel the City to produce:

> (i) all disciplinary files relating to the improper issuance of summonses, whether substantiated or unsubstantiated, by the officers who issued summonses to the plaintiffs in this action, including Civilian Complaint Review Board ("CCRB"), Internal Affairs Bureau ("IAB"), and internal NYPD disciplinary records; and

[REDACTED]

      The City has refused to produce any files concerning disputed summonses that are classified as "unsubstantiated," on the purported ground that such files are irrelevant to the claims in this action.[1] The City has also refused to produce the disciplinary file of [REDACTED], on the ground

---

[1] Defendants' view is contrary to this Court's Order, dated February 3, 2014, regarding the discoverability of the officers' disciplinary histories. *See* Docket No. 81. Specifically, the Court directed defendants to produce an "unredacted and complete list of *all disciplinary allegations* made against each officer being deposed in this matter" as well as "a summary or description of the underlying facts related to *each* allegation." *Id.* (emphasis added). Thus, the Court made no distinction between the relevancy of "substantiated" and "unsubstantiated" disciplinary allegations in its Order. Further, the fact that defendants actually provided plaintiffs with summaries of unsubstantiated complaints clearly indicates they understood the Court's ruling contemplated the potential relevancy of unsubstantiated allegations.

Contains Material Designated Confidential – Attorneys' Eyes Only

that it does not relate to the issuances of summonses. On February 21, 2014, counsel for the parties met and conferred during a telephone conference, but were unable to reach a resolution on this discovery dispute. Having reached an impasse, plaintiffs now seeks an Order from the Court directing the City to produce this outstanding discovery.

## I. THE FEDERAL RULES OF CIVIL PROCEDURE AND THE "OVERRIDING POLICY" IN FAVOR OF DISCLOSING RELEVANT INFORMATION IN FEDERAL CIVIL RIGHTS ACTIONS SUPPORTS PRODUCTION OF THIS DISCOVERY.

Under the Federal Rules of Civil Procedure, "[a] party may obtain discovery of a matter that is not privileged when it is relevant to a claim or defense of any party." *Frails v. City of New York*, 236 F.R.D. 116, 117 (E.D.N.Y. 2006) (citing FED. R. CIV. P. 26(b)(1)). "The relevant information does *not* have to be admissible at trial as long as it 'appears reasonably calculated to *lead* to the discovery of admissible evidence.'" *Id.* (emphasis added). "'Relevance' under Rule 26 has been broadly construed to encompass any matter that bears on, or that reasonably could *lead* to *other* matter that could bear on any issue that is or may be in the case." *Brown v. City of New York*, No. 08 Civ. 5095, 2011 U.S. Dist. LEXIS 113641, at *2 (E.D.N.Y. Sept. 30, 2011) (citation omitted).

Broad discovery is especially warranted in federal civil rights litigation, where there is an "overriding policy" in favor of disclosing all relevant information "in the interest of promoting the search for truth." *Cruz v. Kennedy*, 97-CV-4001, 1997 U.S. Dist LEXIS 23012, at *6 (S.D.N.Y. Dec. 17, 1997) (quoting *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988)) (internal citations omitted). Further, "it should be emphasized that New York State law does *not* govern discoverability and confidentiality in federal civil rights actions." *Woodward v. City of New York*, 99 Civ. 1123, 2000 U.S. Dist. LEXIS 5231, at *8 (E.D.N.Y. March 10, 2000). Thus, a defendant's interest in maintaining the confidentiality of its disciplinary proceedings "should never be permitted to 'frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983.'" *Cruz*, 1997 U.S. Dist LEXIS 23012 at *5 (quoting *King*, 121 F.R.D. at 187).

Here, the requested discovery directly relates to the *improper issuance of summonses* – which is what this class action is about – by the very police officers that issued summonses to the named plaintiffs in this case.[2] Without question, these files are directly relevant to this case. For example, the information contained in these disciplinary files could provide evidence corroborating plaintiffs' claims and lead to the discovery of additional witnesses who were also improperly issued summonses.[3]

---

[2] *See* Ex. A, Doc. Request No. 29 (requesting, *inter alia*, documents relating to "the investigation and disposition of civilian complaints against NYPD Officers that relate to the issuances of Summonses or the use of Quotas/Performance Goals"). For present purposes, Plaintiffs have limited this request to the NYPD officers that issued summonses to the named plaintiffs, while reserving all rights to seek additional files as necessary.

[3] *See, e.g., Frails*, 236 F.R.D. at 118 ("Although unsubstantiated allegations may not be admissible at trial, they may lead to witnesses who have evidence that would tend to prove defendants' intent."); *Pacheco*, 234 F.R.D. at 55 ("[P]laintiff should be given an opportunity to seek out the witnesses to the other allegations of misconduct and produce them at trial."); *Bradley v. City of New York*, 2005 (footnote continued)

Contains Material Designated Confidential – Attorneys' Eyes Only

In addition to leading to additional witnesses, "[t]here is no question that civilian complaints, whether or not deemed substantiated, may be significant in an assessment of an officer's qualifications and performance, particularly if the complaints reflect a pattern." *Bradley*, 2005 U.S. Dist LEXIS 22419, at *3. Thus, "[r]ecords concerning the investigation of complaints of a similar nature against a police officer defendant in a section 1983 case may lead to the discovery of evidence relevant to issues of pattern, intent and absence of mistake." *Brown*, 2011 U.S. Dist. LEXIS 113641 at *4 (internal quotation marks and citations omitted). Accordingly, plaintiffs are clearly entitled to the discovery of any complaints relating to the improper issuance of summonses by the P.O.'s at issue here, whether those complaints were ultimately classified as "substantiated" or not – as numerous courts have recognized.

### A. The City's Position Regarding "Unsubstantiated" Complaints has been Consistently Rejected by Courts in this Circuit.

The City has made the same argument regarding so-called "unsubstantiated" complaints in numerous other cases – namely, that "unsubstantiated" complaints are *de facto* irrelevant. This argument, however, is routinely and decisively rejected. *See, e.g., Young v. City of New York*, No. 10 Civ. 1701, 2010 U.S. Dist. LEXIS 107208, at *5 (S.D.N.Y. Oct. 7, 2010) ("It is now commonplace in the courts of this Circuit to require the production of CCRB and IAB files relating to both substantiated and unsubstantiated allegations of similar conduct."). Thus, "Defendants' contention that case law establishes that records of unsubstantiated complaints are not discoverable in an action under 42 U.S.C. 1983 is *simply wrong*." *Frails*, 236 F.R.D. at 118 (emphasis supplied). Indeed:

> courts have repeatedly directed the production of such complaints, whether substantiated or unsubstantiated or even withdrawn, as well as records of complaints reflected in the CPI and IAB investigative records, and that documentation has frequently played a role in the court's analysis of the merits of an array of claims under section 1983.

*Bradley*, 2005 U.S. Dist LEXIS 22419, at *3. *See also Zhao v. City of New York*, No. 07 Civ. 3636, 2007 U.S. Dist. LEXIS 87126, at *3 (S.D.N.Y. Nov. 21, 2007) ("We start by rejecting the defendants' premise that CCRB and IAB complaints should be deemed irrelevant if they … were deemed unsubstantiated."); *Barrett v. City of New York*, 237 F.R.D. 39, 41 (E.D.N.Y. 2006) ("[T]he fact that CCRB complaints were not substantiated does not preclude the documents from discovery."); *Frails*, 236 F.R.D. at 117 ("Disciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable"); *Reyes v. City of New York*, No. 00 Civ. 2300, 2000 U.S. Dist. LEXIS 15078, at *4-5 (S.D.N.Y. Oct. 16, 2000) ("Defendants cite no authority [] to substantiate

---

U.S. Dist LEXIS 22419, at *4 (S.D.N.Y. Oct. 3, 2005) (Such evidence "may [] lead to the discovery of admissible evidence. For example, the complaint might identify a witness to similar conduct by the same officer on another occasion, and testimony by that witness about the prior incident may be admissible for various reasons.").

Contains Material Designated Confidential – Attorneys' Eyes Only

their position that an accusation against an individual must be proven before the fact of that accusation must be disclosed pursuant to an otherwise valid discovery request.").

Your Honor has specifically addressed this issue in the past, and reached a similar conclusion regarding production of CCRB and internal affairs records (whether substantiated or not). *See Fountain v. City of New York*, 03 Civ. 4526 (RWS), 2004 U.S. Dist. LEXIS 7539, at *5 (S.D.N.Y. May 3, 2004) ("Several courts in this district have [] rejected the objection, made on occasion by the City of New York, to the production of unsubstantiated CCRB complaints on grounds of relevance.") (*reconsideration denied by Fountain v. City of New York*, No. 03 Civ. 4526 (RWS), 2004 U.S. Dist. LEXIS 12278, at *2-3 (S.D.N.Y. June 30, 2004) (*Fountain II*)) ("Both CCRB and IAB records are [] presumptively discoverable, regardless of their age, subject matter, or disposition of the underlying complaint.") (citing *King*, 121 F.R.D. at 198).

Thus, the case law is clear that the City's position is untenable. As has happened many times before, the City should be ordered to produce the files it has improperly withheld. *See, e.g., Pacheco v. City of New York*, 234 F.R.D. 53, 55 (E.D.N.Y. 2006) ("[T]he City is directed to produce records concerning both substantiated and unsubstantiated allegations concerning false arrest or excessive force by the individual defendants."); *Morrisey*, 171 F.R.D. at 88 ("Complaints registered against defendant Alvarez with the Civilian Complaint Review Board are certainly relevant, whether unsubstantiated or not."); *Frails*, 236 F.R.D. at 118 (ordering production of "all CCRB, IAB and NYPD records of both substantiated and unsubstantiated complaints of misconduct against the defendant police officers of a similar nature to the claims in the complaint"); *Reyes*, 2000 U.S. Dist. LEXIS 15078 at *4-5 ("Although a CCRB finding that a complaint was 'Unfounded' or 'Unsubstantiated' may be relevant to an accusation's admissibility at trial, plaintiffs should be afforded the opportunity to review the file."). Accordingly, the City should be compelled to produce all disciplinary files relating to the improper issuance of summonses, whether substantiated or unsubstantiated, by the officers who issued summonses to the plaintiffs in this action.

### B. *The City's Arguments Against This Great Weight of Authority are Unpersuasive.*

Any claim by the City that an "unsubstantiated" investigation means that no wrongdoing occurred is simply false. Rather, the "unsubstantiated" designation only means that the CCRB or IAB found "insufficient evidence to determine whether an act of misconduct *did or did not* occur." *Reyes*, 2000 U.S. Dist. LEXIS 15078 at *4, n.2 (emphasis supplied). This could easily mean that there was probative evidence of wrongdoing – such as eyewitness testimony – but that the CCRB or IAB ultimately found that there was insufficient corroboration. This is illustrated by the testimony of Julie Schwartz, the Commissioner of the Department Advocates Office, regarding the requisite level of evidence required for the CCRB or IAB to make a finding of "substantiation" in connection with a complaint against a police officer. *See Floyd v. City of New York*, 08 CV 1034 (April 22, 2013) (Trial Transcript) (Ex. B):

> THE COURT: You believe one witness and think the other one was not truthful[?]
> THE WITNESS: But that's not the standard that should be used for substantiation. Substantiation has to have something that brings you -- if you look at what is substantiated and what is unsubstantiated, the standard that is used by CCRB, if they can't bring it to 51 percent --

4

Contains Material Designated Confidential – Attorneys' Eyes Only

> THE COURT: I know. But we do that by deciding who is telling the truth and who is lying.
> THE WITNESS: That's not the standard that they use at CCRB.
> THE COURT: What do they use?
> THE WITNESS: You need a little corroboration....

*Id.* at 4486. This colloquy indicates, for example, that a complainant's allegations standing alone would be considered insufficient when pitted against denials by the officer whose conduct is in question. Thus, a complaint would likely only be substantiated in the very rare instance where a complainant is able to produce additional evidence (*i.e.* another witness, video or some other independently corroborating evidence) to support his or her allegations. Thus, any suggested correlation between unsubstantiation and exoneration or innocence is inaccurate, and the City cannot deny that even a so-called "unsubstantiated" file could contain probative evidence of misconduct.

[redacted]

"Rule 608 provides that evidence of specific instances of a witness's conduct, concerning the witness's character for truthfulness or untruthfulness, may be used to attack her credibility on cross-examination." *Lombardo v. Stone*, No. 99 Civ. 46033, 2002 U.S. Dist. LEXIS 1267, at *19-20 (S.D.N.Y. Jan. 29, 2002). Thus, even where a disciplinary matter does not involve allegations directly implicated by the lawsuit, such records are nonetheless discoverable if they relate to "truthfulness or untruthfulness." FED. R. EVID. 608(b). *See Zhao*, U.S. Dist. LEXIS 87126 at *5 ("[A]lthough not reflecting a similar set of accusations, [complaints which] involve allegations of dishonesty ... are [] discoverable as potential impeachment material."); *Barrett*, 237 F.R.D. at 40 ("CCRB files that ... are relevant to an officer's propensity to tell the truth [] will be permitted for discovery purposes"); *Lombardo*, 2002 U.S. Dist. LEXIS 1267 at *24 (police officer's "proffer of false information to the Special Investigator regarding the May 2000 incident clearly reflects her character for untruthfulness").

[redacted]

███████████████████████████████

Defendant's position is, once again, "simply wrong" under the law. *Frails*, 236 F.R.D. at 118. It is beyond cavil that "evidence of specific instances of a witness's conduct concerning the witness's character for truthfulness may be used to attack his credibility on cross-examination." *Brown*, 2011 U.S. Dist. LEXIS 113641 at *5; *Lombardo*, 2002 U.S. Dist. LEXIS 1267 at *24 (a police officer's "wrongful act can be admitted for the purpose of impeachment to the extent that the act bears on her credibility."); FED. R. EVID. 608. ███████████████████████████████

*See Barrett*, 237 F.R.D. at 40 ("CCRB files that ... are relevant to an officer's propensity to tell the truth [] will be permitted for discovery purposes."). *See also* FED. R. CIV. P. 26(b)(1) Advisory Committee Notes to 2000 Amendments ("[I]nformation that could be used to impeach a likely witness, although not otherwise relevant to the claims and defenses, might be properly discoverable.").

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request an Order compelling defendant City of New York to produce: (i) all disciplinary files relating to the improper issuance of summonses, whether substantiated or unsubstantiated, by the officers who issued summonses to the plaintiffs in this action; and (ii) ███████████████████████████████

Respectfully submitted,

/s Elinor C. Sutton         /s Joshua P. Fitch         /s Jon L. Norinsberg

Elinor C. Sutton            Joshua P. Fitch            Jon L. Norinsberg

Quinn Emanuel Urquhart & Sullivan, LLP
Cohen & Fitch, LLP
Law Offices of Jon L. Norinsberg
*Co-Lead Class Counsel for Plaintiffs*

cc:   Qiana Smith-Williams (via E-mail and U.S. Mail)
      Suzanna Publicker Mettham (via E-mail and U.S. Mail)
      The City of New York Law Department
      *Counsel for Defendants*

6