

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Qiana Smith-Williams
*Senior Counsel*
qwilliam@law.nyc.gov
(212) 356-2360
(212) 788-9776 (fax)

March 27, 2014

*Production of videos to commence April 4, 2014. So ordered.*

*Sweet USDJ 3-28-14*

**BY FAX & E-MAIL**
Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Sharif Stinson, et al. v. City of New York, et al.
10 Civ. 4228 (RWS)

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and one of the attorneys representing defendants in the above-referenced matter. Defendants write to respectfully request (1) an enlargement of time to comply with the Court's March 25, 2014 Order and (2) that Your Honor endorse that attached Proposed Unsealing Order authorizing defendant City of New York to produce non-party information which may be subject to New York Criminal Procedure Law ("CPL") §§ 160.50 and 160.55.

On or about January 31, 2014, plaintiffs moved to compel the production of CompStat videos pertaining to six New York City Police Department precincts. Defendant City opposed plaintiffs' motion on the grounds that the CompStat videos contained discussions protected by the law enforcement privilege and CPL §§ 160.50 and 160.55, and were largely irrelevant. During oral argument on February 11, 2014, Your Honor instructed defendant to produce the videos within one week of plaintiffs specifically identifying the videos they sought production of. Defendant City, thereafter, moved for reconsideration of the Court's Order since it would require defendants to produce privileged information. On or about March 25, 2014, Your Honor denied defendant's motion for reconsideration, however, ruled that defendants could redact the portions of the CompStat videos which contain privileged material. The March 25th Order did not specify a time for production, however, assuming that the one-week deadline previously handed down by the Court remains in effect, the fifty-six (56) videos would have to be produced by April 1, 2014.

Defendant respectfully submits that one-week is insufficient to conduct the privilege review, editing and copying of the subject videos. As an initial matter, this office would have to

undertake a review of the fifty-six (56) videos identified by plaintiffs to isolate the privileged portions of the videos.[1] Thereafter, the videos would need to be sent to a vendor so that the privileged portions could be excerpted and subsequently returned to this office for copying. In light of this process, defendants ask that the Court permit the City to begin producing the videos to plaintiffs on a rolling basis beginning within thirty (30) days of the Order, April 24, 2014, with completion no later than May 27, 2014.

Plaintiffs will not be prejudiced in any way if the Court is inclined to grant this request. Plaintiffs do not need the videos to conduct the upcoming depositions and a good faith argument cannot be made to the contrary. Defendants, on the other hand, have a significant interest in protecting the privileged information contained in the videos and only a thorough review of the 56 videos will sufficiently protect this interest.

In addition to the request for more time to comply with the Court's order, defendant City respectfully requests that the Court endorse the attached proposed order. As set forth more fully in defendant's opposition to plaintiffs' motion to compel, dated February 7, 2014, and defendant's motion for reconsideration, dated February 25, 2014, the CompStat videos contain highly sensitive material concerning non-parties to this action. In addition to discussions of gang affiliation, suspected narcotic sellers, and crime victims, non-party arrest and prosecution information is also discussed. To the extent that an arrest is voided and/or prosecution dismissed, information and documentation related to such are sealed pursuant to CPL §§ 160.50 and 160.55, and accordingly, defendant City is not authorized to disclose such information without an unsealing order from the Court.

Based on the foregoing, defendant City respectfully requests an enlargement of time to comply with the Court's March 25, 2014 Order, as set forth herein, and also, that Your Honor endorse the attached Proposed Unsealing Order. Thank you for your consideration herein.

Respectfully submitted,

Qiana Smith-Williams
Senior Counsel

Encl.

---

[1] During the pendency of the reconsideration motion, this office reviewed the 56 videos in order to identify the portions of the videos containing the keywords previously sought by plaintiffs. As Your Honor declined to accept defendant's proposal to produce only those portions of the videos containing the keywords, and surrounding context, this office will undertake a second review of the videos for privilege in accordance with Your Honor's Order. For the Court's information, the initial review of the videos took approximately 2 ½ weeks to complete.

03/27/2014 THU 17:18   FAX 212 356 3559 CA3-202                                                              ☒004/007

cc: <u>By E-Mail</u>
Jon Norinsberg, Esq.

Cohen & Fitch, LLP

Quinn Emanuel Urquhart & Sullivan, LLP
*Attorneys for Plaintiffs*