UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

SHARIF STINSON, ET AL.,

                        Plaintiffs,

        -against-

CITY OF NEW YORK, ET AL.,

                        Defendants.

-------------------------------------------------------------- x

[PROPOSED] UNSEALING ORDER

10 Civ. 4228 (RWS)

**WHEREAS**, on or about January 31, 2014, plaintiffs moved to compel the production of certain CompStat videos from defendant City of New York;

**WHEREAS**, defendant opposed production of said CompStat videos on the basis that such contained discussions protected by law enforcement privilege and New York Criminal Procedure Law ("CPL") §§ 160.50 and 160.55, and further, contained information irrelevant to this action;

**WHEREAS**, on or about February 11, 2014, this Court ordered that defendant produce the sought-after CompStat videos;

**WHEREAS**, on or about February 25, 2014, defendant moved for reconsideration of the Court's February 11, 2014 Order;

**WHEREAS**, on or about March 25, 2014, the Court denied defendant's motion for reconsideration;

**WHEREAS**, defendant maintains that portions of the CompStat videos contain sensitive information concerning non-parties to this action, including arrest and prosecution information which may be subject to CPL §§ 160.50 and 160.55, that cannot be produced without an unsealing order;

**IT IS HEREBY ORDERED** that the City of New York, including the Office of Corporation Counsel and the New York City Police Department, shall not be bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55, as it relates to the CompStat videos at issue;

**IT IS FURTHER ORDERED** that defendant City of New York produce non-party information subject to CPL §§ 160.50 and 160.55, contained on the subject CompStat videos, to plaintiffs;

**IT IS FURTHER ORDERED** that the use of the above-referenced records is restricted to use in the above-entitled civil rights action and shall be protected by plaintiffs' counsel as "Attorneys' Eyes Only," such that plaintiffs' counsel may not disclose the non-party information on the CompStat videos to anyone other than employees of their firms, relevant deponents (and any court reporter/videographer at the deposition), and the Court.

Dated: New York, New York
       March 26, 2014

_____
HON. ROBERT W. SWEET, U.S.D.J.