

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Qiana Smith-Williams
*Senior Counsel*
qwilliam@law.nyc.gov
(212) 356-2360
(212) 788-9776 (fax)

April 17, 2014

**BY ECF & E-MAIL**
Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Sharif Stinson, et al. v. City of New York, et al.
             10 Civ. 4228 (RWS)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and one of the attorneys representing defendants in the above-referenced matter. Defendants write in opposition to plaintiffs' letter dated April 15, 2014. As Your Honor is aware, defendants filed a motion for decertification of this action on April 4, 2014. Defendants' motion was based, in part, on information obtained from the Chief Clerk of New York City Criminal Court, Justin Barry, concerning the meaning of a dismissal for facial insufficiency. Plaintiffs' opposition, if any, was to be filed by April 18, 2014. Instead of submitting an opposition, plaintiffs filed the instant letter application incorrectly asserting that defendants have not identified a "significant intervening event" justifying decertification and also spuriously alleging that defendants attempted to "sandbag" plaintiffs by not identifying Mr. Barry in their initial disclosures, and therefore, requesting that the Court preclude Mr. Barry's declaration. Both arguments are meritless and should be denied. Defendants, however, do not oppose plaintiffs' request for a brief enlargement of the motion schedule so that plaintiffs may depose Mr. Barry in connection with their opposition.

      Plaintiffs essentially make two arguments: (1) that the Court should *sua sponte* deny defendants' motion for decertification since defendants have not established that the information obtained from Mr. Barry concerning the adjudication of criminal court summonses is sufficiently compelling to warrant reexamination of the certification decision; and (2) that Your Honor should decline to consider the Declaration of Justin Barry submitted in connection with defendants' motion since he was not identified in defendants' Rule 26 disclosures. First, plaintiffs' contention that the Court should decline to consider how criminal court judges

determine whether a summons is facially insufficient – the very underpinning of the Court's analysis in granting plaintiffs' motion for certification – because there may be some overlap between Mr. Barry's declaration and certain arguments previously advanced by defendants is groundless. Second, defendants were under no obligation to identify Mr. Barry in their Rule 26 disclosures since he is not in possession of information pertaining to plaintiffs' underlying factual allegations or the existence of a Citywide policy or practice, and therefore, there is no basis for preclusion. Third, to the extent that the Court finds that defendants did not fulfill their disclosure obligations, plaintiffs' request for preclusion should still be denied since plaintiffs have suffered no harm as a result of the nondisclosure, especially in light of the fact that defendants do not oppose plaintiffs' request to depose Mr. Barry prior to submitting an opposition to the decertification motion.

### The Certification Decision Should Be Re-Visited In Light of Mr. Barry's Declaration

Plaintiffs contend that defendants have not met their burden of identifying evidence of a significant intervening event compelling enough to justify decertification. Plaintiffs are wrong. "A class may be decertified if later events demonstrate that the reasons for granting class certification no longer exist or never existed." Jermyn v. Best Buy Stores, L.P., 276 F.R.D. 167, 168 (S.D.N.Y. 2011) (citing Monaco v. Stone, 187 F.R.D. 50, 59 (E.D.N.Y. 1999). Here, the Court certified a class of individuals who received criminal court summonses that were later dismissed as facially insufficient. In making that determination, the Court relied on certain New York State statutes.[1] At the time the certification decision was made, however, the Court did not have the benefit of information concerning the criminal court's practical application of the statutes to adjudication of the summonses at issue here. There can be no dispute that further information from the very judicial body responsible for adjudicating the summonses here, is integral to a fully informed decision of whether or not a class has been rightly certified. Examination of the information is warranted regardless of whether Mr. Barry's declaration overlaps in certain respects with arguments previously advanced by defendants.

Plaintiffs also appear to take exception with the fact that Mr. Barry's declaration was executed a year ago. However, neither the federal, local, or Your Honor's individual rules of practice, set forth a time period within which a decertification motion must be filed. Furthermore, regardless, of the age of the declaration, plaintiffs have failed to credibly suggest that the contents thereof are any less true today than a year ago. Moreover, they have not cited to any case law for the proposition that the Court should summarily deny a decertification motion based on the age of supporting evidence.[2]

---

[1] New York Criminal Procedure Law §§ 100.15 and 100.40.

[2] Interestingly, plaintiffs argue both that Mr. Barry's declaration does not constitute new evidence because it is over a year old, and that the declaration constitutes new evidence that defendants attempted to sandbag plaintiffs with. They cannot have it both ways.

### There Is No Basis To Preclude Mr. Barry's Declaration Since There Was No Obligation To Disclose Him And Plaintiffs Suffered No Harm As A Result Of Nondisclosure

Plaintiffs contend that the Court should decline to review Mr. Barry's declaration in the course of determining the decertification motion since defendants did not identify him in their Fed. R. Civ. P. 26(a) disclosures. Defendants, however, were under no obligation to identify Mr. Barry in their disclosures. Fed. R. Civ. P. 26(a) requires that each party disclose the identity of individuals whom the "disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). The Advisory Committee Notes to the rule following the 2000 amendment, clarified the terms "claims and defenses" in the rule to require a "party to disclose information it may use to support its denial or rebuttal of the allegations, claims, or defense of another party." 2000 Advisory Committee Notes to Fed. R. Civ. P. 26(a)(1). Here, as far as defendants are aware, Mr. Barry is not in possession of information pertaining to any of the factual circumstances surrounding the representative plaintiffs' claims, or information concerning the existence, or non-existence, of an alleged City of New York quota policy which leads to the issuance of unconstitutional summonses. Furthermore, a review of Mr. Barry's declaration confirms that defendants are not offering this witness for the purpose of defending against any factual disputes in this matter. Accordingly, there is no basis to preclude Mr. Barry's declaration for nondisclosure of him as a witness.

Nonetheless, in the event that defendants failed to identify Mr. Barry as a witness, this oversight still does not justify preclusion of the declaration. Pursuant to Fed. R. Civ. P. 37(c)(1), a party may be precluded from using information it failed to disclose in its initial disclosures "unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

> "Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request, or if there exists a genuine dispute concerning compliance. A violation is harmless if it does not prejudice the opposing party. In evaluating whether a failure to disclose should be excused, courts look to factors such as (1) whether the failure has an explanation or was willful or in bad faith; (2) the surprise or prejudice to the party against whom the evidence would be offered; (3) the ability to cure the surprise; (4) the importance of the evidence; and (5) the extent to which allowing the evidence would disrupt the trial.

U.S. Nat'l Bank Assoc. v. PHL Variable Ins. Co., 12 Civ. 6811, 2013 U.S. Dist. LEXIS 143398, at *9 (S.D.N.Y. Oct. 3, 2013) (internal citations and quotations omitted). Preclusion, however, is a harsh remedy that should rarely be employed. Id. at *8.

Any failure to disclose Mr. Barry was both substantially justified and harmless. As mentioned above, based upon a reading of Rule 26(a) and the accompanying Committee Notes, defendants contend that there was no obligation to disclose Mr. Barry. The parties disagreement over whether Mr. Barry had to be identified is exactly the type of situation covered by the "substantial justification" clause of Rule 37(c)(1). Further, any perceived failure to disclose is harmless since defendants consent to a brief enlargement of the motion briefing schedule in order to afford plaintiffs the opportunity to depose Mr. Barry. Finally, application of the five factors above balances in favor of excusal in the event that Your Honor believes there was a duty to disclose: (1) the non-disclosure of Mr. Barry was not willful or in bad faith, but instead, a result of defendants' belief that there was no obligation to disclose him pursuant to Rule 26; (2) there should be little surprise to plaintiffs that defendants sought information from the New York City Criminal Court since plaintiffs themselves also relied on information from the New York State Office of Court Administration in their certification motion; (3) to the extent that there was any surprise to plaintiff, defendants consent to an enlargement of the briefing schedule so that plaintiff may depose Mr. Barry, thus, curing any surprise; (4) Mr. Barry's affidavit, setting forth, the meaning of a dismissal of a summons for facial insufficiency, including any judicial determination of probable cause, is crucial to the Court's certification decision; and (5) denying preclusion will not disrupt any trial in this matter since discovery is not scheduled to close until September 2014 and there is no impending trial date.[3]

**Miscellaneous**

In addition to the foregoing, plaintiffs have made other allegations that do not warrant in-depth discussion but that require a brief response no less. First, plaintiffs' contention that defendants have "sandbagged" plaintiffs because defendants did not provide prior notice of their intention to rely on information gained from Justin Barry in their decertification motion is preposterous. As an initial matter, neither the federal rules nor Your Honor's individual rules of practice obligate a party to provide prior notice of their intent to file a motion, or the basis thereof. Indeed, defendants remind both the Court and the parties, that plaintiffs provided no such notice prior to filing their motion for certification herein. Second, plaintiffs contend that defendants should have filed their motion a year ago, closer in time to the date Mr. Barry executed the affidavit, so as to save the Court and parties the time and expense of litigation. This argument is baseless. Regardless of the certification of a class herein, this is an action based on a claim of municipal liability, which typically involves time-consuming and costly discovery. Plaintiffs have not identified any discovery conducted to date, or discovery dispute, that would not have otherwise occurred had the class not been certified.

---

[3] Although defendants did not perceive a basis for disclosing Mr. Barry before, because we saw this as solely an issue related to class certification, we reserve our right pursuant to Fed. R. Civ. P. 26(e) to supplement our disclosures to include Mr. Barry or another individual from OCA if it becomes necessary as the litigation progresses. However, to the extent that the Court believes that Mr. Barry should have previously been identified in defendants' initial disclosures, defendants will supplement their disclosures now. Plaintiffs are not prejudiced by disclosure at this point since discovery is still ongoing and defendants do not object to plaintiffs deposing Mr. Barry.

4

Based on the foregoing, defendants respectfully request that the Court deny plaintiffs' request that the Court *sua sponte* deny defendants' decertification motion, or otherwise, preclude the Declaration of Justin Barry from consideration on the motion. Thank you for your consideration herein.

Respectfully submitted,

*[signature]*

Qiana Smith-Williams
Senior Counsel

cc: By E-Mail
Jon Norinsberg, Esq.

Cohen & Fitch, LLP

Quinn Emanuel Urquhart & Sullivan, LLP
*Attorneys for Plaintiffs*