**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7354**

WRITER'S INTERNET ADDRESS
**benjamingildin@quinnemanuel.com**

May 22, 2014

**<u>Via E-File and Hand Delivery</u>**                                 Requested Return Date:
Hon. Robert W. Sweet                                                        June 4, 2014
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Stinson v. City of New York*, No. 10-cv-4228 **(RWS)**

Your Honor:

     We represent Plaintiffs in the above-referenced class action.  We write to respectfully request that the Court order the City of New York (the "City") to use the attached Declaration ("Exhibit A") as the statement "detailing the potential conflict of representation [of the officer] by corporation counsel and the right of the officer to seek independent counsel" that Your Honor, in the March 24, 2014 Order (the "Order"), directed be given to non-party officers prior to their depositions in this action.  The Court's intervention is needed to both protect the rights of non-party officers in this action and allow depositions—which have been delayed for nearly two months—to proceed.

     In the Order, Your Honor found that there was an "inherent conflict" between the City and the non-party officers that Plaintiffs will depose in connection with this action.  Order at 13. Accordingly, Your Honor ordered that the City provide a statement to the non-party officers "relating the potential conflict of representation by corporation counsel." *Id.* at 16.  The Order also expressly noted that the officers should be made aware of their right to seek independent counsel. *Id*. at 15.

     Since the issuance of the Order nearly two months ago, the parties have exchanged numerous draft conflict statements and have met and conferred in an effort to arrive at a version acceptable to both parties.  The parties have also sought input from counsel for the Patrolmen's Benevolent Association ("PBA"), as the parties anticipate that many officers will seek legal counsel from the PBA in connection with this matter.  However, the parties have been unable to agree on a mutually acceptable declaration.

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

For example, Plaintiffs seek the inclusion of a provision notifying the non-party officers that they are entitled to "request to have independent counsel … present for any conversation or deposition or trial preparation sessions, and that the role of independent counsel would be to represent [their] personal interests and provide [them] with advice as needed." See Ex. A at ¶ 11. The inclusion of this language in the conflict statement is critical to give proper effect to the Order and ensure that the non-party officers are aware of their right to seek out and retain their *own counsel "prior to deposition discussions." See* Order at 15 (emphasis added).

The City refuses to include such a provision in the waiver. Instead, the City seeks to allow *only* counsel for the PBA to participate in these sessions, and only *after* they have signed a joint defense agreement with the City. Plaintiffs do not believe the officers' rights should be so limited. As an initial matter, the City should not be permitted to unduly influence an officer's selection of independent counsel through the City's self-selection of which counsel can represent the officers in conversations with the City. Moreover, the joint defense agreement—which under Defendants' proposal is a separate document from the conflict waiver—will cause further delay to depositions as such an agreement would have to be separately negotiated with each officer. And while Plaintiffs have not been permitted to view the proposed joint defense agreement, it is unclear that the City and the individual officers can even satisfy the elements required to enter in to a valid joint defense agreement. Finally, such an agreement is particularly unnecessary here as the Court has already recognized that "Plaintiffs do not seek to inquire as to the content of corporation counsel's preparation of the officers . . . ." *See* Order at 15.[1]

Plaintiffs believe that the attached declaration fairly details the potential conflict and adequately sets forth the rights of the officers in connection with this matter. The PBA has also confirmed that it finds the attached declaration acceptable. Plaintiffs respectfully request that the Court order the City to adopt Exhibit A and have non-party officers review and sign this declaration prior to discussing their deposition with Corporation Counsel as set forth in the Order.

Respectfully submitted,

/s/ Benjamin J. Gildin

Benjamin J. Gildin

Quinn Emanuel Urquhart & Sullivan, LLP

---

[1]   To avoid further delay and contention, Plaintiffs would welcome an order from the Court that any disclosure of privileged or protected information would not result in a waiver. Fed. R. Evid. 502(d) ("A federal court may order that the privilege or protection is not waived by disclosure with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding."); *see, e.g.*, *Fleisher v. Phoenix Life Ins. Co.*, 11 Civ. 8405, 2012 WL 6732905, at *4 (S.D.N.Y. Dec. 27, 2012) (entering order to preclude the disclosure of privileged material from constituting a waiver of privilege or of work product protection in that or any other proceeding, state or federal).

*Co-Lead Class Counsel for Plaintiffs*

JON L. NORINSBERG, ESQ.
225 Broadway, Suite 2700
New York, NY 10007
(212) 791-5386
norinsberg@aol.com

Joshua Fitch
Gerald Cohen
COHEN & FITCH LLP
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
jfitch@cohenfitch.com
gcohen@cohenfitch.com

*Co-Lead Class Counsel for Plaintiffs*

cc:   Qiana Smith-Williams (via Email)
      Suzanna Publicker Mettham (via Email)
      The City of New York Law Department, *Attorneys for Defendants*