UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

SHARIF STINSON, et al.,

                    Plaintiffs,

                                            10 Civ. 4228 (RWS)

     - against -
                                                 OPINION

CITY OF NEW YORK, et al.,


                    Defendants.

----------------------------------------X

A P P E A R A N C E S :

     Attorneys for the Plaintiffs

     COHEN & FITCH LLP
     225 Broadway, Suite 2700
     New York, NY  10007
     By:  Gerald M. Cohen, Esq.
          Joshua P. Fitch, Esq.

     THE LAW OFFICES OF JON L. NORINSBERG, ESQ.
     225 Broadway, Suite 2700
     New York, NY  10007
     By:  Jon L. Norinsberg, Esq.

     QUINN EMANUEL URQUHART & SULLIVAN, LLP
     51 Madison Avenue
     New York, NY  10010
     By:  Stephen R. Neuwirth, Esq.
          Steig D. Olson, Esq.

     Attorneys for the Defendants

     ZACHARY W. CARTER
     CORPORATION COUNSEL OF THE CITY OF NEW YORK
     100 Church Street
     New York, NY  10007
     By:  Qiana C. Smith-Williams, Esq.

**Sweet, D.J.**


Defendants City of New York and Raymond Kelly, the
Commissioner of the New York Police Department ("NYPD," together
with the City of New York, "Defendants") have moved for
decertification pursuant to Federal Rule of Civil Procedure
23(c)(1)(C) against plaintiffs Sharif Stinson, Mariam Farnum,
Charlene Finley, Ryburn Walkes, Jamel Towe, Christian Dudley,
Jocelyn Ferdinand, Gary Shaw, Michael Bennett, Chanel Meausa,
David Thompson, Joseph Sarpong, Jeremy Thames, Sean Pettigrew,
Leander Griffin, Brian Morris, Mica Ancrum, Ricardo Jones,
Victor Breland, and Michael Riddick (collectively,
"Plaintiffs").


Based on the facts and conclusions set forth below,
Defendants' motion is denied.


**Background and Prior Proceedings**


The facts and prior proceedings in this action are set
forth in two prior decisions and orders of this Court dated
April 23, 2012 granting Plaintiffs' motion for class
certification and July 13, 2012 denying Defendants' motion for
reconsideration, familiarity with which is assumed.  See Stinson

v. City of New York, 282 F.R.D. 360, 365 (S.D.N.Y. 2012)

("Stinson I") and Stinson v. City of New York, No. 10 Civ. 4428,

2012 WL 2952840, *12 (S.D.N.Y. July 13, 2012) ("Stinson II").

Following these decisions, Defendants filed an interlocutory

appeal of the April 23 Opinion with the Court of Appeals for the

Second Circuit, which was denied.  (See Dkt. No. 119.)

Defendants now submit an April 2013 Declaration of

Justin Barry, Chief Clerk of the Criminal Court in New York City

("Barry Declaration") which they contend invalidates the Court's

previous finding that the dismissal of a summons for facial

insufficiency is tantamount to a decision that probable cause

was presumptively lacking for the issuance of a particular

summons and requires decertification of the class.

The instant motion was filed on April 4, 2014 and was

marked fully submitted on June 11, 2014.

**Applicable Standard**

Pursuant to Federal Rule of Civil Procedure

23(c)(1)(C), orders granting or denying class certification "may

be altered or amended before final judgment."  Fed. R. Civ. P.

23(c)(1)(C); see also Boucher v. Syracuse Univ., 164 F.3d 113,

2

118 (2d Cir. 1999).  A party seeking decertification bears the burden of demonstrating "some significant intervening event, or . . . compelling reasons to reexamine the question," such as new evidence or a significant change in the underlying facts. Jermyn v. Best Buy Stores, L.P., 276 F.R.D. 168, 168-69 (S.D.N.Y. 2011) (internal quotation marks, citations, and brackets omitted); see also Gulino v. Board of Educ. Of City School Dist. of New York, 907 F. Supp. 2d 492, 504 (S.D.N.Y. 2012) (noting that compelling reasons can include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice") (internal citations omitted); In re Vivendi Universal, S.A. Sec. Litig., No. 02 Civ. 5571, 2009 WL 855799, *3 (S.D.N.Y. Mar. 31, 2009) (noting that changed facts should be considered in determining whether to decertify a class); Hnot v. Willis Group Holdings Ltd., 241 F.R.D. 204, 207 (S.D.N.Y. 2007) (movant must specifically identify any matter which would have "materially altered the prior ruling" in Rule 23 reconsideration) (internal citation omitted); Gordon v. Hunt, 117 F.R.D. 58, 61 (S.D.N.Y. 1987) (explaining that the moving party bore "a heavy burden to prove the necessity of either the drastic step of decertification or the less draconian but still serious step of limiting the scope of the class").

A court is permitted to "decertify a class if it appears that the requirements of Rule 23 are not in fact met." Sirota v. Solitron Devices, Inc., 673 F.2d 566, 572 (2d Cir. 1982). A court may not, however, "disturb its prior findings absent some significant intervening event or a showing of compelling reasons to reexamine the question." Doe v. Karadzic, 192 F.R.D. 133, 136-37 (S.D.N.Y. 2000) (internal quotation and citations omitted). Compelling reasons for reexamination include an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Id. Absent a showing of a significant intervening event, or other compelling reason to reexamine the question of certification, the factual underpinnings of a court's prior certification order are "deemed to be the law of the case." Langley v. Coughlin, 715 F. Supp. 552, 553 (S.D.N.Y. 1989); see also Karadzic, 192 F.R.D. at 136.

**Discussion**

**The Barry Declaration**

The Barry Declaration asserts that a finding of facial insufficiency "reflects an assessment that the information [on the summons] does not comport with one or more of the three

4

subsections of CPL 100.40(1)," and could mean "a failure to conform to the drafting requirements prescribed in CPL 100.15 . . . [or] failure to provide non-hearsay allegations that make out every element of the offense charged." (Barry Decl. ¶ 17; see also id. ¶¶ 13, 15, 19; Defs.' Mem. 5.) The Barry Declaration further states that since "dismissals of summonses following facial insufficiency review do not contain explanation or codes reflecting the judicial rationale for dismissal, [t]he rejected summons, and the court's accompanying paperwork, provide no basis for inferring that the court may or may not have concerns about the underlying facts" of the summons. (Barry Decl. ¶ 18; see also Defs.' Mem. 5, 7.)

Barry has indicated that there is no difference between the summons review process described in the Barry Declaration and that which is set forth in the annual reports issued by the Office of Court Administration, which were in the record and considered in the prior briefing that led to the decisions on certification, reconsideration, and interlocutory appeal.[1]

---

[1] Q: And is there anything about your declaration that is different in terms of the review process that you explain in your declaration that is not explained in the annual report?

A: I don't believe there's anything different.

Q: I mean, substantively, the facial insufficiency review that's outlined in the annual report is the same as the review you've outlined in your

**The Class Is Ascertainable**

## 1. Facial Insufficiency Dismissal Implicates A Lack Of Probable Cause

The Defendants have contended that the Barry Declaration establishes that a dismissal for facial insufficiency does not indicate that there has been a judicial determination regarding probable cause for the issuance of a summons.  (Defs.' Mem. 5.)  In this way, Defendants contend, a dismissal for facial insufficiency "is just like the dismissals that occur at the defect review stage" and "like defect dismissals – are neutral regarding the question of probable cause" and, as such, "cannot provide a means for defining a class." (Defs.' Mem. 6-7.)

In making their argument, Defendants have relied in part on an illustrative example made in the Barry Declaration and a 2013 New York criminal court decision, People v. Coley, 2013 N.Y. Misc. LEXIS 471 (Crim. Ct. Bronx Co.).  The Defendants

---

declaration?

A: Yes.

(Fitch Decl. Ex. Q 161:15-162:4.)

contend that one of the "two important facts to cull from Coley"
is the "fact that the Coley court allowed the prosecution to
file a superseding information clearly demonstrates that the
facial insufficiency determination had no bearing on the issue
of whether there was a probable cause for the underlying arrest
since, if the dismissal represented an assessment of probable
cause for the arrest, a superseding information would not have
been permitted."  (Defs.' Mem. 5-6 n. 5.)

        However, the Court's prior decisions considered the
scenarios Barry described in which a summons could have been
dismissed for a reason other than want of probable cause.  The
Court's certification order "squarely addressed the issue
Defendants identify, recognizing that, while there are
alternative reasons for dismissal of a summons other than a lack
of probable cause . . . the overwhelming majority of summonses
dismissed at the facial sufficiency review stage were dismissed
for want of probable cause."  Stinson II, 2012 WL 2952840, at
*6.  Specifically, the Court found the argument supported by
Coley – that the courts allowing "prosecutors to re-file a
facially deficient accusatory instrument in order to cure
deficiencies belies the notion that the judiciary engages in a
merits-based probable cause analysis in dismissing a summons the
basis of facial insufficiency" – unpersuasive.  Stinson II, 2012

WL 2952840, at *5-*6.  The Barry Declaration does not provide an adequate basis for resuscitating arguments already made by Defendants.

Moreover, Defendants are incorrect to suggest that an officer can go back and "fix" a summons that was dismissed because it has failed to allege facts to support the elements of a crime.  (See Defs.' Mem. 6 n. 5.)  The failure to "state a crime," or lack of reasonable cause, is a jurisdictional defect that precludes a case from proceeding.  See People v. Pearson, 914 N.Y.S.2d 2, 2 (N.Y. App. Div. 2010) ("[A] failure to comply with the 'prima facie case' requirement for facial sufficiency in CPL 100.40(1)(c) . . . is a jurisdictional defect") (citations omitted); see also People v. Hansen, 738 N.E.2d 773, 776 (N.Y. 2000).  As Barry concedes (see Fitch Decl. Ex. Q 109:2-22, 187:5-17), the failure to satisfy this jurisdictional requirement cannot be waived or amended or "fixed" by adding additional facts after the summons has issued.  People v. Wright, 975 N.Y.S.2d 644, 646 (N.Y. Sup. Ct. 2013) ("Th[e] omission of a material element is not curable by amendment.") (emphasis added).  In contrast, defects relating to form and other non-jurisdictional defects can be waived and/or amended. See, e.g., Jackson, 582 N.Y.S.2d at 337; People v. Gore, 540 N.Y.S.2d 147, 149 (N.Y. Crim. Ct. 1989) ("Curable defects have

found to be variations of names, places, dates, etc., but not missing elements.") (emphasis added).

A finding of facial insufficiency for a summons under the relevant provisions of CPL 100.40(1) – the statute that defines the facial sufficiency of a summons – is linked to a probable cause finding, such that the "overwhelming majority" of, if not all, facially insufficient summonses lack probable cause because the third provision of CPL 100.40(1) requires that a summons substantially conform to the requirements of CPL 100.15, which in turn lays out the form and factual requirements for a summons. As Defendants recognize (Defs.' Mem. 4 n. 3), any summonses that failed to satisfy it would be dismissed during "defect review," which occurs before facial sufficiency review, and would not be part of the class. (See Fitch Decl. Ex. Q. 129:22-130:11 ("The only two elements or portions of 100.41 that are implicated are failing to establish reasonable cause to believe a crime has been committed, or failing to allege all of the elements of a crime. A.  Of the offense charged.  Q.  Of the offense charged.  A.  And don't forget subsection 1, which is failing to comport with the drafting requirements as well.  Q.  And that would be a form defect that would have been caught in the first stage of review, right?  A. Yes.  Generally yes."); 39:15-40:7.)  CPL 100.40(1)(b) requires

the reviewing court to determine whether "reasonable cause"

existed for the issuance of a summons.  Stinson I, 282 F.R.D. at

375-76; CPL 100.40(1)(b).


The Court has previously found that "reasonable

cause," whose existence must be determined by a reviewing court

when reviewing a summons, is synonymous with probable cause.

Stinson I, 282 F.R.D. at 375-76; Stinson II, 2012 WL 2952840, at

*1; see also Weintraub v. Bd. of Educ. of City of N.Y., 423 F.

Supp. 2d 38, 53 (E.D.N.Y. 2006) ("The definition of 'reasonable

cause' is the equivalent of 'probable cause' in the federal

framework.").  Barry has testified that it was "very much" his

understanding that reasonable cause and probable cause are

equivalents.  (Fitch Decl. Ex. Q. 114:18-22, 115:3-7.)  Thus,

any summons dismissed under CPL 100.40(1)(b) was dismissed for

lack of probable cause, either because of insufficient

establishment of probable cause or because an element of the

crime was not asserted, again establishing a lack of probable

cause.


The only other potentially relevant requirement for

the facial sufficiency of a summons is set forth in CPL

100.40(1)(c), which mandates that the instrument contain "[n]on-

hearsay allegations [in] the factual part of the [summons]" that

10

would "establish, if true, every element of the offense charged
and the defendant's commission thereof." CPL § 100.40(1)(c).
However, it is improbable that summonses would be dismissed
simply because they were based on hearsay allegations. Stinson
II, 2012 WL 2952840, at *2. Barry confirmed this, testifying
that summonses (as opposed to other instruments that are also
subject to CPL § 100.40(1)) are never dismissed as facially
insufficient simply because the allegations are hearsay. (Fitch
Decl. Ex. Q 129:18-21 ("Q. [W]ith respect to summonses . . . the
non-hearsay portion is never implicated, in your experience?  A.
In my experience, yes.").)  This is because the issuing officer
writes down "information that they personally observed" – the
very definition of non-hearsay. (Id. 95:7-15.)  Thus, Barry has
stated, "[t]he only two elements or portions of 100.40(1) that
are implicated" in reviewing a summons for facial insufficiency
are "failing to establish reasonable cause to believe a crime
has been committed, or failing to allege all of the elements of
a crime." (Id. 129-30.)


        The OCA will dismiss summonses under CPL §
100.40(1)(c) for failure to articulate allegations that, if
true, would prove each element of the crime charged.  Defendants
(and Barry) contend that dismissals that "fail to articulate a
charge" under 100.40(1)(c) reflect only "poor drafting by the

issuing officer, not a determination by a judge that the summons

lacked merit," and are "neutral regarding the question of

probable cause." (Defs.' Mem. 5, 7.) But this contention

ignores that the failure to "articulate a charge" under CPL §

100.40(1)(c), distinct from the hearsay issue, does implicate

CPL 100.40(1)(b)'s reasonable cause requirement, and

consequently probable cause to arrest. Stinson II, 2012 WL

2952840, at *8-10 (citing People v. Alejandro, 511 N.E.2d 71, 74

(N.Y. 1987)).


As the Court has already recognized, the failure to

include allegations that, if true, would prove each element of

the charged crime is "linked with the concept of probable cause"

under Court of Appeals precedent. Stinson II, 2012 WL 2952840,

at *10 citing People v. Jackson, 967 N.E.2d 1160, 1162 (N.Y.

2012) ("An information is valid  . . . if it contains

nonconclusory factual allegations that, if assumed to be true,

address each element of the crime charged, thereby affording

reasonable cause to believe the defendant committed that

offense.") (emphasis added). The failure to provide requisite

facts establishing the elements of a crime necessarily means

that no reasonable cause existed to summons a person for any

offense. Thus the question for the judge is whether the summons

states a crime in the first instance, which unquestionably

implicates probable cause.  See, e.g., People v. Smith, 678
N.Y.S.2d 872, 873 (N.Y. Crim. Ct. 1998) (equating a facial
sufficiency challenge on the basis of failure to allege facts
which constitute a crime with asking "Where is the crime?");
People v. Case, 365 N.E.2d 872, 873 (N.Y. 1977) (finding
accusatory instrument insufficient where "[t]he facts recited
therein and in the supporting deposition did not state a
crime").  This rule has a constitutional dimension and
"protect[s] a defendant 'against groundless criminal proceeding'
by providing 'reasonable guarantees against baseless
prosecutions not predicated on probable cause.'"  People v.
Casey, 740 N.E.2d 233, 238 (N.Y. 2000).


        Defendants further contend that "[e]ven narrowing the
pool of dismissed summonses to those dismissed for facial
insufficiency, the Court would have to engage in countless mini-
trials in order to ascertain which summonses may have
conceivable been issued absent probable cause."  (Defs.' Mem.
8.)  This argument, too, has already been addressed by the
Court, and rejected.  Stinson I, 282 F.R.D. at 379 ("Defendants'
contention that mini-trials are required to ascertain which
individuals belong to the class is insufficient to defeat class

certification.").[2]

        The Barry Declaration is therefore not new evidence, a
significant intervening event, or a compelling reason for
reexamination of this Court's certification order.  See
Zimmerman v. Portfolio Recovery Assocs. LLC, No. 09 Civ. 4602,
2013 WL 1245552, *5 (S.D.N.Y. Mar. 27, 2013) (rejecting
defendant's argument that class should be decertified where
there was "no new evidence" that would constitute a significant
intervening event" or a "compelling reason" to decertify the
class); Jermyn, 276 F.R.D. at 172 (denying defendants' motion
for reconsideration of decertification motion where defendants
presented "essentially identical" arguments that had been
previously rejected "at least three times"); Wilder v.
Bernstein, 645 F. Supp. 1292, 1311-12 n. 16 (S.D.N.Y. 1986)
(denying decertification motion where defendants simply recast
earlier arguments against class certification and the only "new
evidence" presented was statistical evidence that did not alter
the analysis); Connor B. ex rel. Vigurs v. Patrick, 278 F.R.D.

---

[2] Defendants separately argue that, in addition to the Barry Declaration, the
testimony of several police officers further support their arguments for
decertification.  With respect to the deposition testimony of class
representatives Ryburn Walkes and Gary Shaw, however, these deposition
transcripts were already part of the class certification record and relied
upon in Defendants' original opposition to Plaintiffs' motion for class
certification.  (See Defs.' Cert. Opp'n 7.)  The deposition testimony of
Adrian Schoolcraft, taken in a separate matter, provides no new information
nor a showing of compelling reason to reexamine certification.

30, 34, 36 (D. Mass. 2011) (denying decertification where
defendants argued that plaintiffs failed to satisfy the
commonality requirement because the argument was "largely
identical to the argument this court rejected in its original
certification order").

    The Defendants have failed to meet their heavy burden
of proving that decertification is necessary.

### 2. The Class Is Not Overbroad

    Defendants have contended that the class is overbroad
to the extent that "it could include a substantial number of
people who have no claim under the theory advanced by the named
plaintiff." (Defs.' Mem. 10. (quoting Vigus v. S. Ill.
Riverboat/Casino Cruises, Inc., 274 F.R.D. 229, 235 (S.D. Ill.
2011).) Defendants have asserted that "the class herein could
include innumerable individuals who have no standing to advance
a claim since their summonses were dismissed for reasons other
than a lack of probable cause." (Defs.' Mem. 11.) As this
Court has previously concluded, and again concludes for the
reasons set forth above, that the overwhelming majority of
summonses dismissed at the facial sufficiency review stage are
dismissed for want of probable cause, Defendants' have failed to

establish otherwise and the challenge to the breadth of the
class is denied.

**Plaintiffs Have Provided Sufficient Evidence To Satisfy Rule
23(b)(2)**

Defendants also contend that, in light of the Barry
Declaration, the foundation upon which the holding that such
dismissals were indicative of a city-wide policy is now lacking.
(Defs.' Mem. 12.)  As set forth above, the record in its
totality established that the overwhelming majority of summonses
dismissed at the facial sufficiency review stage are dismissed
for want of probable cause.  See Stinson I, 282 F.R.D. at 382
("the OCA data reveals that a large number of summonses are
dismissed upon a judicial finding of facial insufficiency and
that these dismissals occur throughout the City of New York.").
The record as found above evidences a city-wide policy.

**Plaintiffs Have Satisfied The Predominance Requirement of Rule
23(b)(3)**

Defendants again contend that "plaintiffs have not
presented any evidence showing that the majority of their common
questions can be resolved through generalized proof, nor that

16

the individual issues which plague this class are less predominant than the common questions within it." (Defs'. Mem. 14.) Defendants further contend that the Plaintiffs here have not identified "any written citywide policy, or any evidence demonstrative of such a policy" and that "absent the contention that facial insufficiency dismissals are presumptive evidence of summonses being issued without probable cause . . . plaintiffs cannot establish such a practice/pattern without examining the circumstances underlying each of the putative class members' claims." (Defs.' Mem. 14-15. (emphasis added))

Stinson I already detailed evidence supporting the existence of a municipal policy, further set forth by Stinson II. See Stinson I, 282 F.R.D. at 382 ("Plaintiffs . . . present a common theory of liability involving an NYPD policy of issuing summonses to individuals without probable cause in response to a quota requirement"); see also Stinson II, 2012 WL 2952840, at *12-14. The conclusions stated above are not disturbed by the Barry Declaration and the Defendants have not established any intervening controlling law or other compelling reason to reconsider the Court's original findings and, as such, Defendants' predominance contention is denied.

**The Burden Of Proof Has Not Been Improperly Shifted**

17

Defendants also contend that the burden of proof has been improperly shifted by requiring Defendants to challenge class membership and establish that there is no liability. Defendants contend that Plaintiffs bear the burden of pleading a sufficiently definite class and that "[b]ecause the presumption is rebuttable, class membership cannot be ascertained until the factual analysis of probable cause for each summons is undertaken." (Defs.' Mem. 10.)  Defendants further contend that the burden of establishing probable cause is on the Plaintiffs, and to shift the burden to Defendants would "serve to relieve plaintiffs of their prerequisite of identifying a cohesive and definite class." (Defs.' Reply 8.)  This contention, too, has also previously been put forward by Defendants and determined by the Court. Stinson II, 2012 WL 2952840, at *10-*11.

Defendants have asserted that Davis v. Rodriguez, 364 F.3d 424 (2d Cir. 2004) establishes that the question of "whether the plaintiff or the defendant in a § 1983 unconstitutional false arrest case bears the overall burden of proof with regard to probable cause" is unsettled. See Davis, 364 F.3d at 434 n. 8; compare, e.g., Russo v. City of Bridgeport, 479 F.3d 196, 203 (2d Cir. 2007) (stating that the

Second Circuit has generally looked toward state law in
analyzing claims of false arrest and following Connecticut law),
Raysor v. Port Auth. of N.Y. and N.J., 768 F.2d 34, 40 (2d Cir.
1985) ("[T]he defendant has the burden of proving that the
arrest was authorized"), Gill v. City of New York, No. 02 Civ.
10201, 2004 WL 816449 (S.D.N.Y. Apr. 16, 2004) ("When an arrest
is made without a warrant, the officer has acted outside the
scope of the legal process and therefore a rebuttable
presumption arises that such an arrest is unlawful.  The
defendant has the burden of raising and proving the affirmative
defense of probable cause."), Savino, 331 F.3d at 76 (stating
that defendants bear the burden of proving that probable cause
existed for the plaintiff's arrest), and Curry v. City of
Syracuse, 316 F.3d 324, 335 (2d Cir. 2003) (stating that the
defendant has the burden of raising and proving the affirmative
defense of probable cause) with Warheit v. City of New York, 271
F. App'x 123, 125 (2d Cir. 2008) (stating that the Second
Circuit has not yet "addressed the question of whether the §
1983 plaintiff has the burden of proving the absence of probable
cause or whether the defendant has the burden of proving its
existence") and Arnold v. Geary, No. 09 Civ. 7299, 2012 U.S.
Dist. LEXIS 1409, *24 (S.D.N.Y. Jan. 5, 2012) ("It is an open
question in the Second Circuit as to whether the defendant bears
the burden of establishing the existence of probable cause or

19

whether the plaintiff bears the burden of establishing its absence.").

The Second Circuit has generally looked to the law of the state in which an arrest occurred in analyzing § 1983 claims for unconstitutional false arrest, a practice recognized in Davis itself. Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004); see also Dowling v. City of New York, No. 11 Civ. 4954, 2013 WL 5502867, *3 (E.D.N.Y. Sept. 30, 2013) ("The Second Circuit assigns the burden of proof as to the existence of probable cause according to state law."). "New York places on the defendant the burden 'of proving legal justification as an affirmative defense and the defendant will be precluded from introducing such evidence under a general denial. Justification may be established by showing that the arrest was based on probable cause.'" Berard v. Town of Rotterdam, No. 06 Civ. 891, 2010 WL 2425902, *3 (N.D.N.Y. June 11, 2010); see also Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003) (citing Broughton v. State, 37 N.Y.2d 451, 458, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975)). The Second Circuit has held in the years after Davis at least once that the existence of probable cause "is an absolute defense" to an action for false arrest. Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006) (emphasis added); see also Jackson v. Seewald, No. 11 Civ. 5826, 2013 WL 149341

(S.D.N.Y. Jan. 14, 2013) ("The existence of probable cause 'is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983 . . . [and] [t]he defendants bear the burden of proving probable cause existed for the arrest.") (citing Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003) and Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)).

The cases cited by the Defendants either simply articulate that the burden of proof remains an open question[3] or at least, in part, actually affirm probable cause as an affirmative defense to be asserted by defendants against a claim of false arrest.[4]

---

[3] See, e.g., Hoyos v. City of New York, No. 10 Civ. 4033, 2013 U.S. Dist. LEXIS 185630, *13-*14 n. 2 (E.D.N.Y. Dec. 11, 2013) (stating that while under New York law the defendant has the burden of raising and proving the affirmative defense of probable cause, who ultimately bears the burden in § 1983 actions is an open question); see also Arnold v. Geary, No. 09 Civ. 7299, 2012 U.S. Dist. LEXIS 1409, *24 (S.D.N.Y. Jan. 5, 2012) (same).

[4] Several cases cited by Defendants rely on Weyant, which found that "a § 1983 claim for false arrest . . . including arrest without probable cause, is substantially the same as a claim for false arrest under New York law."  101 F.2d at 852.  See, e.g., Khan v. Ryan, 145 F. Supp. 2d 280, 284 (citing Campbell v. Giuliani, 2000 WL 194815, *2 (E.D.N.Y. 2000), in turn citing Weyant, for the proposition that "federal courts have held that the plaintiff bears the burden of establishing the absence of probable cause" but also citing Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) for the proposition that "probable cause to arrest constitutes justification and is a 'complete defense to an action for false arrest'" (emphasis added)); see also Brown v. City of New York, 306 F. Supp. 2d 473, 479 (S.D.N.Y. 2004) (citing Weyant for the proposition that the burden of establishing absence of probable cause is on the plaintiff but also citing Weyant for the rule that the existence of probable cause is a complete defense to an action for false arrest).

The Second Circuit has held in the past that it generally looks to the law of the state in which an arrest occurred in analyzing § 1983 claims, and has done so since the Davis decision[5] and New York law places the burden of raising and proving the affirmative defense of probable cause on defendants in false arrest cases.  As concluded above, the record to date establishes the rebuttable presumption that the alleged class exists and under these circumstances and the cited authorities, the Plaintiffs have met their initial burden of proof.

---

[5] See, e.g., Russo, 479 F.3d at 203 ("In analyzing claims alleging the constitutional tort of false arrest, 'we have generally looked to the law of the state in which the arrest occurred.' Davis, 364 F.3d at 433 (examining Connecticut law to assess a plaintiff's false arrest claim); see also, e.g., Jaegly, 439 F.3d at 151-52 (considering New York law). This follows our normal practice with respect to § 1983 claims. See Davis, 364 F.3d at 433 n. 7.")

**Conclusion**

Based upon the facts and conclusions of law set forth above, Defendants' motion is denied.

It is so ordered.

Dated:    New York, New York
          September 19, 2014

                                        _____
                                        Robert W. Sweet
                                        U.S.D.J.