UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

SHARIF STINSON, et al.,

              Plaintiffs,

  - against -

CITY OF NEW YORK, et al.,

              Defendants.

------------------------------------X

10 Civ. 4228 (RWS)

OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/14

A P P E A R A N C E S:

    Attorneys for the Plaintiffs

    COHEN & FITCH LLP
    225 Broadway, Suite 2700
    New York, NY  10007
    By:  Gerald M. Cohen, Esq.
         Joshua P. Fitch, Esq.

    THE LAW OFFICES OF JON L. NORINSBERG, ESQ.
    225 Broadway, Suite 2700
    New York, NY  10007
    By:  Jon L. Norinsberg, Esq.

    QUINN EMANUEL URQUHART & SULLIVAN, LLP
    51 Madison Avenue
    New York, NY  10010
    By:  Stephen R. Neuwirth, Esq.
         Steig D. Olson, Esq.

    Attorneys for the Defendants

    ZACHARY W. CARTER
    CORPORATION COUNSEL OF THE CITY OF NEW YORK
    100 Church Street
    New York, NY  10007
    By:  Qiana C. Smith-Williams, Esq.

Attorneys for Patrick Lynch and Police Patrolmen's
Benevolent Association of the City of New York, Inc.

DECHERT, LLP
1095 Avenue of the Americas
New York, NY  10036
By:  Edward A. McDonald, Esq.

**Sweet, D.J.**

Non-party Patrick Lynch ("Lynch"), the President of the Patrolmen's Benevolent Association of the City of New York, Inc. ("PBA"), also a non-party, has moved pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv) to quash the subpoena Plaintiffs have served on him for testimony as a deposition on September 29, 2014.

Based on the conclusions set forth below the motion is denied.

**Prior Proceedings**

The subpoena was issued on August 14, 2014 and called for the deposition of Lynch. The underlying action is described in the Court's April 23, 2012 opinion. See <u>Stinson v. City of New York</u>, 282 F.R.D. 360 (S.D.N.Y. 2012).

The instant motion to quash the subpoena was heard and fully submitted on September 17, 2014.

1

**The Motion to Quash Is Denied**

The Plaintiffs have cited a number of public statements made by Lynch as the PBA President on the subject of quotas for summons alleged to have been imposed by the New York Police Department.

The basis for these statements and communications with others concerning quotas or summons may lead to admissible evidence and are properly discoverable.

It is so ordered.

Dated:   New York, New York
         September 18, 2014

_____
Robert W. Sweet
U.S.D.J.

2