```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

SHARIF STINSON, et al.,

                    Plaintiffs,
                                              10 Civ. 4228 (RWS)
     - against -
                                                   OPINION
CITY OF NEW YORK, et al.,


                    Defendants.

-----------------------------------------X
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/23/14

```
A P P E A R A N C E S:

     Attorneys for the Plaintiffs

     COHEN & FITCH LLP
     225 Broadway, Suite 2700
     New York, NY  10007
     By:  Gerald M. Cohen, Esq.
          Joshua P. Fitch, Esq.

     THE LAW OFFICES OF JON L. NORINSBERG, ESQ.
     225 Broadway, Suite 2700
     New York, NY  10007
     By:  Jon L. Norinsberg, Esq.

     QUINN EMANUEL URQUHART & SULLIVAN, LLP
     51 Madison Avenue
     New York, NY  10010
     By:  Stephen R. Neuwirth, Esq.
          Steig D. Olson, Esq.

     Attorneys for the Defendants

     ZACHARY W. CARTER
     CORPORATION COUNSEL OF THE CITY OF NEW YORK
     100 Church Street
     New York, NY  10007
     By:  Qiana C. Smith-Williams, Esq.
```

Attorneys for Patrick Lynch and Police Patrolmen's
Benevolent Association of the City of New York, Inc.

DECHERT, LLP
1095 Avenue of the Americas
New York, NY  10036
By:  Edward A. McDonald, Esq.

**Sweet, D.J.**

The Plaintiffs in this class action have moved to compel the nonparty Patrolmen's Benevolent Association of the City of New York (the "PBA") to produce documents pursuant to a subpoena and an April 17, 2014 order of this Court (the "April 17 Order").

Based on the conclusions set forth below, the motion is granted.

**Prior Proceedings**

On March 26, 2014, Plaintiffs moved the Court to compel the production of certain documents in response to Plaintiffs' August 6, 2013 subpoena, as modified on March 10, 2014 ("March 10 Subpoena"). (See Pls.' Mot. to Compel Ex. D). On April 7, 2014, Plaintiffs sought an order requiring the PBA to produce documents responsive to seven of the requests for production contained in Plaintiffs' March 10 Subpoena (Nos. 2-4, 6-8, and 17). (See Pls.' Mot. to Compel Ex. E.)  The April 17 Order required the PBA to produce or log documents responsive to those requests.

1

Following the Court's Order, the PBA produced 167 pages responsive to one of the request for production (No. 8). According to its privilege log, the PBA has withheld five documents on the basis of privilege. The PBA has not produced certain documents responsive to request No. 8 on the basis of confidentiality and Civil Rights Law Section 50-a.

The documents sought by the Plaintiffs include:

- "All documents You have collected from any source concerning any allegation of the existence of a Quota, or the use of a Quota, by the NYPD in any performance evaluation or disciplinary or grievance proceedings." (See Ex. E.)

- "All documents provided to the PBA by any NYPD Officer, current or former, alleging or relating to the existence of a Quota or the use of a Quota by the NYPD, including any completed Affidavit-Summons Quota or any similar affidavit or form, correspondence of any type, and any documentation." (Id.)

- "All documents concerning any grievance, individual or group, pursued by or with the assistance of You, arising

2

out of the alleged maintenance or use of summons Quotas by the NYPD, including all Formal Grievances filed by You on behalf of NYPD Officers that relate to Quotas." (Id.)

- "All documents relating to any grievance, formal or informal, by an NYPD Officer that relates to the NYPD's alleged use of Quotas, regardless of whether You elected to represent the NYPD Officer in that grievance, including [a list of specific grievances]." (Id.)

- "Documents sufficient to show the PBA's position with regard to Senate Bill S2956A, including data, information, or research considered or relied upon in forming that position, and documents sufficient to show any differences in the position of the PBA and the NYPD regarding Senate Bill S2956A and the reasons behind those differences." (Id.)

- Documents and information "concerning or relat[ing] to positions that the PBA has expressed or supported through various news articles, memoranda, press releases, and advertisements." (See Ex. D.)

3

The underlying action is described in the Court's April 23, 2012 opinion.  See Stinson v. City of New York, 282 F.R.D. 360 (S.D.N.Y. 2012).  The instant motion was marked fully submitted on September 10, 2014.

**The Documents Relating to Senate Bill S2956A And Public Statements Relating to Quotas**

Documents relating to Senate Bill S2956A and PBA statements relating to quotas will be produced.

In the absence of any production, counsel for the PBA will submit a statement satisfying the requirements set forth in Nycomed U.S. Inc. v. Glenmark Generics Ltd., No. 08 Civ. 5023, 2010 WL 3173785, *3 (E.D.N.Y. Aug. 11, 2010) ("A party that has been served with a request for ESI is charged with find[ing] and disclos[ing] all responsive documents or properly set[ting] forth why the documents are being withheld.  This obligation to conduct a diligent search requires good faith on the part of the responding party and its attorneys, and mandates that they work together to ensure that both understand how and where electronic documents, records and emails are maintained and to determine how best to locate, review and product responsive documents. When parties and/or their counsel fail in their duty to conduct

4

proper searches of ESI, sanctions may be appropriate . . ." (internal quotation marks and citations omitted)). See also Richard Green (Fine Paintings) v. McClendon, 262 F.R.D. 284, 290 (S.D.N.Y. 2009) ("Attorneys must take responsibility for ensuring that their clients conduct a comprehensive and appropriate document search.") (internal quotation marks omitted).

**Summary Quota Affidavits Will Be Produced**

The PBA website directs officers to provide the completed Affidavits directly to their "Delegate or Trustee" and testimony has been submitted that confirms that affiants followed this directed procedure. A PBA delegate and Grievance Officer recently confirmed that, in his experience, these affidavits are not provided directly to PBA counsel but rather are given to a PBA delegate who then gives them to a PBA trustee. (See Pls.' Reply Ex. P.) The PBA trustees are not lawyers, such that any material the officer submitted goes through at least two rounds of transfers and communications before reaching a lawyer. (Id.)

In addition, the PBA has not provided the names of the affiants in accordance with applicable federal and local rules

5

so that Plaintiffs may assess the PBA's privilege claim.  If the PBA is concerned that disclosing the names would result in retaliatory harm to those police officers, the PBA may designate the affidavits Attorneys' Eyes Only ("AEO").

The PBA has not established an attorney client privilege and the affidavits will be produced.

**Quota Related Grievances**

All filed grievances with supporting materials will be produced and may well have been produced.  The grievance forms and supporting materials submitted to counsel for officers who did not file grievances may be withheld upon the filing of an appropriate privilege log including the identification of the officers and the recipients.  A confidentiality designation may be appropriate.

Documentary evidence submitted in connection with the grievances will be produced unless made subject to an appropriate privilege log.

It is so ordered.

Dated:   New York, New York
         September 16, 2014

_____
Robert W. Sweet
U.S.D.J.

7