UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARIF STINSON, *et al.*, | |
| Plaintiffs, | **10 CV 4228 (RWS)** |
| -against- | **DECLARATION OF ELINOR C. SUTTON** |
| THE CITY OF NEW YORK, *et al*., | |
| Defendants. | |

**ELINOR C. SUTTON**, declares pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct:

1.  I am associated with Quinn Emanuel Urquhart & Sullivan LLP, one of the law firms of record for Plaintiffs herein.  As such, I am familiar with the facts stated below, and I submit this Declaration to place on the record the relevant information and documents in opposition to Defendants' motion for an Order to Show Cause:

2.  Attached as **Exhibit A** is a true and correct copy of a letter from Steven Silverberg to me regarding Defendants' first electronic production, dated September 16, 2014.  The letter indicated that Defendants had inadvertently produced two documents (NYC_E0000243-0000780 and NYC_E0000781-0000914 and herein, the "Documents") on September 2, 2014 and that the Documents were "subject to the attorney-client; work product; and law enforcement privileges."

3.  The next day, September 17, 2014, I notified counsel for Defendants that Plaintiffs were in receipt of their letter and confirmed that Plaintiffs' counsel had been instructed to treat the Documents as privileged, and not review, circulate, or otherwise use the Documents for any purpose.  Attached as **Exhibit B** is a true and correct copy of that email correspondence.

1

4. Following that email correspondence, Plaintiffs (through me) and Defendants (through their counsel Steve Silverberg) met and conferred regarding the Documents. During that meet and confer, Plaintiffs stated that they were researching if they were allowed to review the Documents to determine whether or not Plaintiffs should challenge Defendants' privilege assertion and present the Documents to the Court for *in camera* review. Although Defendants had not yet served privilege log entries for the Documents, Defendants stated that Plaintiffs should instead use Defendants' privilege log entries to determine whether or not they should challenge Defendants' claim of privilege. Plaintiffs then stated that, even if their research indicated that they were allowed to review the document solely for the purpose of challenging Defendants' privilege claim, they would not do so without again conferring with Defendants.

5. Attached as **Exhibit C** is a true and correct copy of a September 22, 2014 letter from me to Steven Silverberg confirming that Plaintiffs are in full compliance with Fed. R. Civ. P. 26(b)(5)(B), and requesting that Defendants provide a basis for clawing back the documents at issue.

6. Attached as **Exhibit D** is a true and correct copy of Defendants' September 29, 2014 privilege log.

7. Attached as **Exhibit E** is a true and correct copy of the unredacted version of NYC_E0000243-0000914 as it was originally produced on September 2, 2014. Exhibit E consists of two documents: NYC_E0000243-0000780 and NYC_E0000781-0000914. Defendants clawed these documents back on September 16, 2014. Plaintiffs are challenging Defendants' privilege claim, and request *in camera* review of Exhibit E for purposes of analyzing Defendants' privilege claim.

8. Attached as **Exhibit F** is a true and correct copy of the redacted "replacement" version of NYC_E0000243-0000914, as it was produced on September 22, 2014. Defendants have requested that Plaintiffs replace the original version of NYC_E0000243-0000914 produced on September 2, 2014 (Exhibit E) with Exhibit F.

9. Attached as **Exhibit G** is a true and correct copy of the unredacted version of NYC_E0000242 as it was originally produced on September 2, 2014. Defendants have not provided notice that this document is privileged or that they intend to claw it back, but because they have provided a redacted version (see Exhibit H) and listed it on their September 29, 2014 privilege log, Plaintiffs are currently treating this document as privileged. Plaintiffs are challenging Defendants' privilege claim, and request *in camera* review of Exhibit G for purposes of analyzing Defendants' privilege claim.

10. Attached as **Exhibit H** is a true and correct copy of the redacted "replacement" version of NYC_E0000242, as it was produced on September 22, 2014. Based on their privilege log, Plaintiffs understand that Defendants are requesting that Plaintiffs replace the original version of NYC_E0000242 produced on September 2, 2014 (Exhibit G) with Exhibit H.

11. Attached as **Exhibit I** is a true and correct copy of NYC_E0000928-0001597 as it was produced on September 2, 2014. Exhibit I consists of two documents: NYC_E0000928-0001464 and NYC_E0001465-0001597. Defendants have represented to Plaintiffs that Exhibit I consists of the same documents as those contained in Exhibits E and F.

12.  Attached as **Exhibit J** is a true and correct copy of a September 22, 2014 letter from Steven Silverberg to me enclosing a replacement copy of Defendants' first electronic production.

Dated:      New York, New York
            September 29, 2014

Respectfully submitted,

/s/
Elinor C. Sutton, Esq.