```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

SHARIF STINSON, et al.,

                    Plaintiffs,
                                              10 Civ. 4228 (RWS)
     - against -
                                                  OPINION
CITY OF NEW YORK, et al.,


                    Defendants.

------------------------------------------X

A P P E A R A N C E S:

     Attorneys for the Plaintiffs

     COHEN & FITCH LLP
     225 Broadway, Suite 2700
     New York, NY  10007
     By:  Gerald M. Cohen, Esq.
          Joshua P. Fitch, Esq.

     THE LAW OFFICES OF JON L. NORINSBERG, ESQ.
     225 Broadway, Suite 2700
     New York, NY  10007
     By:  Jon L. Norinsberg, Esq.

     QUINN EMANUEL URQUHART & SULLIVAN, LLP
     51 Madison Avenue
     New York, NY  10010
     By:  Stephen R. Neuwirth, Esq.
          Steig D. Olson, Esq.

     Attorneys for the Defendants

     ZACHARY W. CARTER
     CORPORATION COUNSEL OF THE CITY OF NEW YORK
     100 Church Street
     New York, NY  10007
     By:  Qiana C. Smith-Williams, Esq.
```

**Sweet, D.J.**

Defendants City of New York and Raymond Kelly, the Commissioner of the New York Police Department ("NYPD," together with the City of New York, "Defendants") have moved by order to show cause to compel plaintiffs Sharif Stinson, Mariam Farnum, Charlene Finley, Ryburn Walkes, Jamel Towe, Christian Dudley, Jocelyn Ferdinand, Gary Shaw, Michael Bennett, Chanel Meausa, David Thompson, Joseph Sarpong, Jeremy Thames, Sean Pettigrew, Leander Griffin, Brian Morris, Mica Ancrum, Ricardo Jones, Victor Breland, and Michael Riddick (collectively, "Plaintiffs") to immediately return the allegedly privileged CD Rom diskette ("CD") consisting of inadvertently disclosed documents produced by the City, namely, the New York City Police Department Briefing Book for fiscal year 2013 and Topics of the City Council Book (the "Documents") and any copies or portions of copies thereof. The parties have provided additional briefing on the question of whether Plaintiffs may retain the Documents solely for the purpose of litigating the claim of privilege.

Based on the facts and conclusions set forth below, Plaintiffs are directed to return the Documents and any copies or copied portions thereof.

1

**Background and Prior Proceedings**

Plaintiffs' second set of document requests (Request Numbers 75 through 79) required Defendants to review a large volume of electronically stored information containing hundreds of thousands of documents for responsive information. Defendants produced certain documents on September 2, 2014, the entirety of which Plaintiffs' counsel promptly reviewed. As part of the September 2, 2014 production, two documents were inadvertently produced – the New York City Police Department Briefing Book for fiscal year 2013 and Topics Book. Defendants produced heavily redacted versions of the Documents at the same time that the Documents containing allegedly privileged information were mistakenly produced.

Upon realizing that the unredacted Documents had been produced, defense counsel advised Plaintiffs by letter on September 16, 2014 (the "September 16 Letter") that they had inadvertently disclosed privileged information and invoked the protections afforded under Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence. At the same time, Defendants put Plaintiffs' counsel on notice that the Documents contained attorney work product, attorney-client communications, and material that was covered by

2

the law enforcement privilege.[1]  Accordingly, Defendants requested that (1) Plaintiffs immediately return the CD that the Documents were produced on, as well as, any and all copies of the documents Plaintiffs may have made, and (2) Plaintiffs destroy any electronically maintained versions of the Documents.

Plaintiffs confirmed that the attorneys working on the matter had "been instructed that until they are told differently, they should treat [the documents] as privileged, and should not review, circulate, or otherwise use the document for any purpose." (Defs.' Mem. 2.)  Plaintiffs agreed to return the original CD Rom diskette and all but one copy of the Documents, contending that they were allowed to retain a copy of the Documents in order to review them for privilege.

Defendants filed their order to show cause on September 22, 2014.  At a hearing on the motion on October 1, 2014, the Court requested briefing on Plaintiffs' contention that they can properly retain and review the Documents for purposes of opposing Defendants' privilege claim while directing Plaintiffs' counsel to sequester the CD.  (See 10/01/2014 Ct. Tr. at 12:15-19.)

---

[1] Defendants now also contend that the documents are subject to the deliberative process privilege.

3

**Applicable Standard**

The Court may compel a party to return inadvertently disclosed documents if it finds that the producing party made reasonable efforts to screen out privileged documents and did not intend to produce those that were produced inadvertently. Fed. R. Civ. P. 26(b)(5)(B); see also Fuller v. Interview, Inc., No. 07 Civ. 5728, 2009 WL 3241542, *3-5 (S.D.N.Y. Sept. 30, 2009); Synergetics USA, Inc. v. Alcon Labs. Inc., No. 08 Civ. 3669, 2009 WL 2016795, *1-2 (S.D.N.Y. July 9, 2009).

Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure reinforce the protection that extends to privileged documents produced inadvertently. Rule 502(b) specifies that production of a privileged document does not constitute a waiver of the privilege if the privilege was "inadvertent," the privilege holder "took reasonable steps to prevent disclosure," and the privilege holder promptly took reasonable steps to rectify the error. Rule 26(b)(5)(B) provides:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being

> notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B). Rule 25(b)(5)(B) requires the return of information or the presentation to the Court upon a claim of privilege. See, e.g., Piasa Commer. Interiors, Inc. v. J.P. Murray Co., No. 07 Civ. 617, 2010 U.S. Dist. LEXIS 27234, *6 (S.D. Ill. Mar. 23, 2010).

In addition, the New York Rules of Professional Conduct ("N.Y.C.R.R.") recognize that lawyers sometimes receive documents mistakenly produced by opposing parties or their lawyers. Where a lawyer knows or reasonably should know that such a document was sent inadvertently, N.Y.C.R.R. Rule 4.4(b) requires that the lawyer promptly notify the sender in order to permit that person to take protective measures. See 22 N.Y.C.R.R. 1200.0 4.4(b).

**Retention To Oppose The Claim Of Privilege Is Denied**

Defendants contend that the Plaintiffs may not retain and review the Documents before an adjudication by the Court as to whether the Documents are, in fact, privileged. Defendants rely on a 1992 Second Circuit decision, Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159 (2d Cir. 1992), to support their claim. (See also Defs.' Mem. 3 (collecting cases).)

However, understandably, the facts in Chase do not perfectly match those in the instant action. In Chase, the defendant had withheld thousands of documents based on, inter alia, assertions of attorney-client privilege. As a means of resolving these claims, the Magistrate ordered the defendants to provide the thousands of withheld documents to the plaintiff for an attorneys'-eyes-only review. Chase, 964 F.2d at 161-62. On appeal, the Second Circuit held that "requiring a litigant to turn over documents subject to a claim of attorney-client privilege to opposing counsel, without a judicial ruling on the merits of the claim, will undermine the attorney-client privilege" and ordered the plaintiff to cease its review of the documents. Id. at 166. The Second Circuit reasoned that "[i]f opposing counsel is allowed access to information arguably

6

protected by privilege before an adjudication as to whether privilege applies, a pertinent aspect of confidentiality will be lost, even though communications later deemed to be privileged will be inadmissible at trial," and that "attorneys cannot unlearn what has been disclosed to them in discovery." Id. at 165. The Second Circuit in Chase was primarily concerned that attorneys could not "unlearn what ha[d] been disclosed to them" and that in disclosing the documents, before an adjudication as to whether privilege applied, "a pertinent aspect of confidentiality w[ould] be lost, even though communications later deemed to be privileged w[ould] be inadmissible at trial." Id.

Here, the "bell has already been rung" as the Documents have already been produced to and seen by the Plaintiffs prior to Defendants' September 16 Letter seeking to claw back the Documents. Nevertheless, this distinction in facts does not in and of itself mandate disclosure – clearly, Defendants intended to withhold the Documents. Chase does not by its own terms limit itself to its particular fact pattern, but instead articulates baseline principles for the protection of privileged documents and attorney conduct. While considerable damage has arguably already been done, Chase can be read to counsel judges to mitigate damage to the protections of

7

privilege as much as possible, despite the burden it inevitably places on the lower courts with respect to in camera review. See, e.g., United States v. Zolin, 491 U.S. 554, 571 (1989) ("we cannot ignore the burdens in camera review places upon the district courts, which may well be required to evaluate large evidentiary records without open adversarial guidance by the parties"). As such, Chase is properly applied in this case and the Documents will be returned to the Defendants.[2]

### Plaintiffs May Use Knowledge Acquired Before The Claw Back

The corollary question presented here, also, is not only whether the Plaintiffs must return the documents, as it is apparent that they must under Chase, but whether Plaintiffs may rely on knowledge gained while reviewing the Documents prior to the Defendants' September 16 Letter in opposing Defendants' claim that the Documents are privileged.

There have been instances in this district when parties who have reviewed inadvertently disclosed documents

---

[2] It is worth noting that neither Chase nor the various rules cited herein prevent parties from reaching agreements regarding how inadvertently disclosed documents may be treated by the non-disclosing party, including agreements allowing the non-disclosing party to retain and use the materials in question for the purposes of litigating the claim of privilege. See, e.g., Fox News Network, LLC v. TVEYES, Inc., No. 13 Civ. 5315, Dkt. No. 16. Such an agreement, however, is not present in this case.

before claw back have relied on what they have learned prior to notification for purposes of challenging the asserted claim of privilege. For example, in Synergetics, the defendant had requested that plaintiff return thirty-five pages of documents because they had been inadvertently produced and were protected, inter alia, by attorney-client privilege. Synergetics, 2009 WL 2016795, at *1. The defendant filed a motion for return of the inadvertently produced documents. The plaintiff contested the issue of whether certain documents were protected by the attorney-client privilege and made direct reference to the purportedly privileged documents in its motion papers. See Synergetics, No. 08 Civ. 3669, Dkt. No. 82. Likewise in Graves v. Deutsche Bank Securities, Inc., No. 07 Civ. 5471, 2011 WL 721558 (S.D.N.Y. Feb. 10, 2011), Magistrate Fox allowed the objecting party to describe the contents of the purportedly privileged documents at issue. See Graves, No. 07 Civ. 5471, Dkt. No. 84.

Additionally, the Association of the Bar of the City of New York has found that while lawyers are ethically bound to return or destroy inadvertently disclosed documents, the non-disclosing lawyer is not ethically barred from using information gleaned prior to knowing or having reason to know that the communication contains information not intended for the non-

9

disclosing lawyer. See Assoc. for the Bar of the City of New York Formal Op. 2003-2004, 2003 WL 23789274, *7-*8 (limiting the use of information from challenged to documents to information learned "prior to knowing or having reason to know that the communicated was misdirected"). As such, while Plaintiffs must return remaining copies of the Documents, the Plaintiffs may rely on any information learned prior to notification of the inadvertent disclosure for the purposes of litigating the privilege claim.

Separately, Plaintiffs have contended, in the alternative, that if the Court determines that Plaintiffs' review of the Documents is not permitted as a matter of course under Rule 26(b)(5)(B), the Court may nevertheless permit such a review as a consequence of Defendants' deficient privilege log entries, which failed to provide any information concerning the author(s), addressee(s), and recipient(s) of the Documents or the relationship of the author(s), addressee(s), and recipient(s) to each other – all of which are required under Local Civil Rule 26.2. Such a position, however, is moot, as the Court permitted Defendants to remedy any privilege log deficiencies by October 8, 2014. Even if that were not the case, at least one court has in this circuit has held that deficient privilege log entries are an insufficient basis for

10

permitting review of the documents by the opposing party. See Davis v. City of New York, No. 10 Civ. 0699, Dkt. Nos. 188 & 191.

**Conclusion**

For the reasons set forth above, Plaintiffs are directed to return all copies of the Documents to Defendants. Plaintiffs may, however, rely on any material learned prior to the Defendants' September 16 Letter in challenging Defendants' assertion of privilege.

Plaintiffs' opposition to Defendants' assertion of privilege dated October 8, 2014, must be served by Friday, October 17, 2014. Defendants' response, if any, must be served by Tuesday, October 21, 2014. The parties will be heard on Defendants' assertion of privilege on October 22, 2014 in Courtroom 18C, United States Courthouse, 500 Pearl Street.

It is so ordered.

Dated:   New York, New York
         October 10, 2014

_____
Robert W. Sweet
U.S.D.J.

11