**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7325**

WRITER'S INTERNET ADDRESS
**elinorsutton@quinnemanuel.com**

<u>RETURN DATE REQUESTED OF MAY 27, 2015</u>

May 12, 2015

**VIA E-FILE AND FAX**
Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Stinson v. City of New York*, **10-cv-4228** (**RWS**) (**S.D.N.Y.**)
            **Deposition of P.O. Ryan Boylan**

Your Honor:

    We write on behalf of Plaintiffs in the above-referenced class action to request that the Court order Defendants to produce Police Officer Ryan Boylan for a deposition. Plaintiffs have sought to depose each of the police officers who issued a summons without probable cause to the Lead Class Plaintiffs. Defendants have refused, however, to make Officer Boylan available for a deposition, despite the fact that he issued a relevant summons to Lead Class Plaintiff Leander Griffin. Defendants do not dispute that Officer Boylan issued Mr. Griffin a criminal court summons during the relevant time period, nor do they deny that the summons was dismissed for legal insufficiency. Instead, they claim that due to two easily remedied errors on the part of Plaintiffs' counsel (errors that Plaintiffs' counsel has offered to correct), Plaintiffs may not depose Officer Boylan. Defendants' attempts to frustrate basic discovery in this matter are a clear violation of Federal Rule of Civil Procedure 30(a)(1). Accordingly, Plaintiffs respectfully request that the Court order Defendants to produce Officer Boylan for a deposition within 15 calendar days of the date of the decision on this motion.[1]

    On April 25, 2013, Plaintiffs subpoenaed Officer Boylan to testify at a deposition regarding the summons he issued to Mr. Griffin for disorderly conduct on August 5, 2009 (the "August Summons"). *See* Ex. A (Boylan subpoena listing "Summons # 432397730-0"); Ex. B (Summons # 432397730-0 listing Officer Boylan as the complainant). Two weeks before the scheduled deposition, Defendants refused to produce Officer Boylan under the pretense that he

---

[1] The parties have met and conferred regarding this matter and are at an impasse.

did not issue the summons that is the subject of Mr. Griffin's complaint.  Officer Boylan's involvement in the claims at issue here is clear from the pleadings and documents produced in this Action.

     Mr. Griffin's claims concern the August Summons.  As alleged in the Amended Complaint, Mr. Griffin was issued a summons on August 5, 2009 for disorderly conduct without probable cause, and that summons was dismissed on September 23, 2009 for legal insufficiency.  *See* Ex. C ¶¶ 332-37 (Am. Compl.); Ex. D (9/23/2009 Certificate of Disposition of Summons # 432397730-0).  The date of issuance (August 5, 2009), nature of the offense (disorderly conduct), and date of disposition (September 23, 2009) are plainly consistent between the August Summons and the Amended Complaint.  Ex. B at 1; Ex. C ¶¶ 332, 335; Ex. D.

     Defendants can point to only two readily cured mistakes in refusing to produce Officer Boylan.  *First,* Defendants point out that Plaintiffs' counsel made an inadvertent drafting error in the Amended Complaint, creating a discrepancy (i) between the addresses listed as the place of occurrence of the August Summons:  the Amended Complaint states 1055 Rosedale Avenue, whereas the summons itself states "229 E. Kingsbride Rd" (*compare* Ex. C ¶ 332 *with* Ex. B); and (ii) as to whether Mr. Griffin was pushed against a wall or pushed against his vehicle when receiving the August Summons (*compare* Ex. C ¶ 333 *with* Ex. E at 85:23-87:13 (Griffin Dep. Tr.)).  Despite Plaintiffs' numerous attempts to resolve any misunderstanding concerning the address where the summons was issued—*see, e.g.*, Ex. F at 1 n.1 (6/19/2014 ltr. from E. Sutton to Q. Smith-Williams)—Defendants still refuse to produce Officer Boylan.

     *Second*, at Mr. Griffin's June 22, 2011 deposition, Defendants questioned Mr. Griffin about the events that occurred on August 5, 2009.  Mr. Griffin, relying on memory, recounted events concerning a summons he received at 1055 Rosedale Avenue, instead of the events that occurred at 229 E. Kingsbride Road on August 5, 2009.  Defendants then introduced the August Summons and marked it as Exhibit B.  Ex. E at 76:22-25.  At this point in the deposition, Plaintiffs' counsel mistakenly stated that the summons described in the Amended Complaint was not the August Summons, but rather a separate summons concerning events that had occurred at 1055 Rosedale Avenue.  *Id.* at 77:10-24.  Defendants proceeded to question Mr. Griffin at length about the events and circumstances surrounding the issuance of the August Summons.  *Id*. at 76:22-105:7.  Mr. Griffin provided extensive testimony about the events alleged in the August Summons, such that there can be no doubt that Defendants had a full and fair opportunity to thoroughly depose Mr. Griffin concerning the events that allegedly occurred on Kingsbride Road on August 5, 2009.

     Moreover, Defendants' assertion that there could be any confusion as to whether the August Summons is the summons at issue in the Amended Complaint is belied by Plaintiffs' document production.  Plaintiffs have not produced any document referring to a summons other than the August Summons in relation to Mr. Griffin's claims.  Indeed, prior to Mr. Griffin's deposition, in its first production of Lead Class Plaintiffs' summonses and related documents, Plaintiffs produced the September 23, 2009 Certificate of Disposition for the August Summons.  Ex. D.

     Mr. Griffin's claims are specific to the events and circumstances surrounding Officer Boylan's issuance of the August Summons.  Plaintiffs have repeatedly sought to resolve the

issues concerning the August Summons, but Defendants have refused to consider any compromise. Indeed, while Plaintiffs do not believe it is necessary, they are willing to make Mr. Griffin available for a second deposition, and, should the Court prefer, Plaintiffs are also willing to amend their complaint. These proffered courses of action would cure any inadvertent errors and adequately address any remaining confusion.

For the above reasons, Plaintiffs respectfully request that the Court order Defendants to produce Officer Boylan for a deposition within 15 calendar days of the date of the decision on this motion.

Respectfully submitted,

/s/ Elinor Sutton

Elinor Sutton

Quinn Emanuel Urquhart & Sullivan, LLP
*Co-Lead Class Counsel for Plaintiffs*


cc:   Qiana Smith-Williams (via E-File and E-mail)
      The City of New York Law Department
      *Attorneys for Defendants*