UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

SHARIF STINSON, et al.,

Plaintiffs,

- against -

CITY OF NEW YORK, et al.,

Defendants.

-----------------------------------X

10 Civ. 4228 (RWS)

OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-11-15

A P P E A R A N C E S:

Attorneys for the Plaintiffs

COHEN & FITCH LLP
225 Broadway, Suite 2700
New York, NY 10007
By: Gerald M. Cohen, Esq.
Joshua P. Fitch, Esq.

THE LAW OFFICES OF JON L. NORINSBERG, ESQ.
225 Broadway, Suite 2700
New York, NY 10007
By: Jon L. Norinsberg, Esq.

QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue
New York, NY 10010
By: Benjamin J. Gildin, Esq.
Christopher T. Cook, Esq.
Elinor C. Sutton, Esq.
Jennifer D. Bishop, Esq.
Kevin A. Janus, Esq.
Steig D. Olson, Esq.
Stephen R. Neuwirth, Esq.

Attorneys for the Defendants

ZACHARY W. CARTER
CORPORATION COUNSEL OF THE CITY OF NEW YORK
100 Church Street
New York, NY 10007
By: Qiana C. Smith-Williams, Esq.
Joanne M. McLaren, Esq.
Lisa M. Richardson, Esq.
Sheila Weinstein, Esq.
Steven M. Silverberg, Esq.
Suzanna P. Mettham, Esq.

**Sweet, D.J.,**

Defendants Raymond W. Kelly, the City of New York, and 50 John Doe police officers (collectively, the "Defendants" or the "City") have filed a letter-motion to remove the statutory seal imposed by N.Y.C.P.L. §§ 160.50 and 160.55 on the records of all individuals who received criminal court summonses between May 1, 2007 and the conclusion of this litigation. Based on the conclusions set forth below, the motion is denied.

## Prior Proceedings

Prior opinions have set forth the history of this class action, familiarity with which is assumed. See, e.g., Stinson v. City of New York, 282 F.R.D. 360, 364-67 (S.D.N.Y. 2012) (laying out the facts of the case). The instant letter-motion was filed on August 12, 2015. (Dkt. No. 238.) Plaintiffs filed a letter in opposition on September 3, 2015 (Dkt. No. 242), and the City replied on September 23, 2015. (Dkt. No. 247.) Plaintiffs and Defendants each filed additional letters on October 20, 2015. (Dkt. Nos. 255 & 256.)

**Applicable Standard**

The primary purpose of the sealing of records pursuant N.Y.C.P.L. §§ 160.50 and 160.55 is to ensure confidentiality and to protect the individual from the potential public stigma associated with a criminal prosecution. See Lehman v. Kornblau, 206 F.R.D. 345, 347 (E.D.N.Y. 2001) (citing Harper v. Angiolillo, 89 N.YY.2d 761, 766 (1997)). However, like other state statutory privileges, these seals "must be construed narrowly, and must yield when outweighed by a federal interest in presenting relevant information to a trier of fact. . . . Thus, as a matter of comity, federal courts must balance the deference to be accorded state created privileges with the need for the information sought to be protected by the privilege." Daniels v. City of New York, No. 99 Civ. 1695, 2001 WL 228091, at *1 (S.D.N.Y. Mar. 8, 2001). The policy priorities that the state legislature sought to further by enacting these privacy protections must be given "serious consideration, even if they are not determinative." Id.

**The Unsealing is Denied**

The City initially stated that it sought the unsealing in order to "identify those persons who are presumptive class members and to begin noticing their depositions." (Letter, Dkt. No. 228 (the "August 12 letter"), at 1.) By letter of September 23, 2015, the City clarified that it sought the criminal records "to obtain information necessary to [its] defense of claims common to the class," and that it was "not seeking discovery of individual class members at this time." (Letter, Dkt. No. 247 (the "September 23 Letter"), at 1.) The City further stated that while discovery from absent class members was appropriate in this case, "[w]hether Defendants should be permitted to serve discovery demands or depose the presumptive class members is a question for another day." (Id. at 5.) The City represents that there are over 850,000 summonses at issue. (Id. at 2.)

Discovery of absent class members "is rarely permitted due to the facts that absent class members are not 'parties' to the action, and that to permit extensive discovery would defeat the purpose of class actions, which is to prevent massive joinder of small claims." Holman v. Experian Info. Solutions, Inc., No. 11 Civ. 180, 2012 WL 2568202, at *3 (N.D. Cal. July 2, 2012);

accord In re Publication Paper Antitrust Litig., No. 04 MDL 1631, 2005 WL 1629633, at *1 (D. Conn. July 5, 2005); Redmond v. Moody's Investor Serv., No. 92 Civ. 9161, 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995). Such discovery may be permitted in extraordinary circumstances, where the defendant demonstrates "that the information sought is not available from the representative parties, that it is requested in good faith, and that the request is not burdensome." Redmond, 1995 WL 276150, at *1. The burden placed on a defendant intending to conduct depositions of absent class members is "particularly heavy." Id.

The Defendants argue that the Court implicitly granted such discovery as part of the August 23, 2012 opinion on class certification, which stated that

> The class is defined to include individuals who were issued summonses that were later dismissed upon a judicial finding of facial insufficiency and who were ticketed without probable cause. Individuals who were issued summonses that survived the New York City Citywide Summons Operations' defect review but were dismissed during the second-round review process upon a judicial finding of facial insufficiency are presumptive members of the class, but Defendants can challenge any presumptive class member on grounds that the summons at issue was dismissed for reasons other than a lack of probable cause.

Stinson v. City of New York, 282 F.R.D. 360, 363-64 (S.D.N.Y. 2012). This language is properly understood as referring to the claims process, where the eligibility of individual class members can be determined once common issues of fact and law have already been resolved. Cf. United States v. City of New York, No. 07 Civ. 2067, 2011 WL 2259640, at *22 (E.D.N.Y. June 6, 2011) (discussing procedures, including discovery, for determining factual issues during the claims process). Any inquiry into the individual circumstances of absent class members would be improper at this stage of the litigation because "[t]his type of discovery, which relates to individual issues, should ordinarily be postponed until after the common questions have been determined." Town of New Castle v. Yonkers Contracting Co., No. 88 Civ. 2952, 1991 WL 159848, at *2 (S.D.N.Y. Aug. 13, 1991).

"If the plaintiff class prevails on the common questions, it will then - but only then - become necessary to try or settle or otherwise dispose of individual questions . . . . If the common questions have been aptly defined, there should be no need at an earlier stage to have all of the individual class members before the court for discovery or any other purposes."

Dubin v. E.F. Hutton Grp., Inc., No. 88 Civ. 0876, 1992 WL 6164, at *4 (S.D.N.Y. Jan. 8, 1992) (quoting Marvin E. Frankel, *Some Preliminary Observations Concerning Civil Rule 23*, 43 F.R.D. 39, 47 (1967). Here, the August 23, 2012 Opinion defined the common questions for the class: "whether Defendants engaged in a pattern and practice of issuing summonses in the absence of probable cause, whether that practice has been motivated by a quota, whether that practice has been perpetuated by inadequate training and whether potential plaintiffs' constitutional rights have been infringed upon as a result of the NYPD's alleged summonsing practices." Stinson, 282 F.R.D. at 382. Defendants' motion to conduct discovery on individualized issues will not become relevant or ripe until these common issues are determined. If those issues are decided in the Plaintiffs' favor and presumptive class members opt-in to the lawsuit in order to claim damages discovery into their individual circumstances will be appropriate.

In addition, the class certification decision, on which the City relies, was issued more than three years ago. The City chose to wait until discovery was drawing to a close before making this motion.

Although there is no uniform test in the federal courts for allowing discovery of absent class members, see William B. Rubenstein, *Newberg on Class Actions* § 9:13 (5th Ed. 2015), several district courts in this Circuit have applied a multifactor test, permitting such discovery only "where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to the common questions and unavailable from the representative parties; and (3) is necessary at trial at issues common to the class." McCarthy v. Paine Webber Grp., Inc., 164 F.R.D. 309, 313 (D. Conn. 1995); see also In re Bank of N.Y. Mellon Corp. Forex Transactions Litig., No. 12 MDL 2335, 2014 WL 6879835, at *2 (S.D.N.Y. Nov. 6, 2014).[1] Here, the City initially conceded that it sought to unseal the records "in order to challenge class membership" (August 12 Letter at 1); although it later averred that the

[1] The Plaintiffs argue that the Court should use the test established by the Seventh Circuit in Clark v. Universal Builders, Inc., 501 F.2d 324 (7th Cir. 1974), which largely tracks the test used in McCarthy and In re BNY Mellon but adds a requirement that "responding to the discovery would not require the assistance of counsel." Rubenstein, *Newberg on Class Actions* § 9:13. Although the Court applies the McCarthy three-factor test because of its greater prevalence within this Circuit, the fact that discovery into individual class members' summonses would concern allegations of criminal behavior - and thus likely necessitate representation by counsel - also weighs in favor of denying the City's motion.

records would be used to defend against allegations of a pattern and practice. The Defendants nonetheless maintain that the unsealing motion is a stepping-stone on the road to discovery geared toward challenging individuals' class membership. (See September 23 Letter at 5 (suggesting that discovery not be considered "until such time as Defendants have reviewed the unsealed records and determined how many depositions Defendants anticipate taking" and manifesting the intention "to challenge class membership by establishing that any presumptive class member's summons was issued *with* probable cause." (emphasis in the original)).) Defendants argue that the records would be relevant to a common question of law, by establishing "that the named Plaintiffs' summonses were unique incidents not representative of a pattern and practice." (Id. at 2.) However, the typicality of the named plaintiffs' cases only indirectly bears on the question of whether a pattern or practice exists, and in any event the question of typicality was already resolved in the class certification opinion. See Stinson, 282 F.R.D. at 370-71. As to the third prong, outside of a conclusory assertion that the City would be "severely prejudiced" if it is not given access to the records at issue,

(Letter, Dkt. No. 247, at 2) Defendants make no showing as to the necessity of unsealing these 850,000 records to defend against the pattern and practice allegations.

The City has failed to make the strong showing required to unseal the records. Its need for the information sought is insufficient to outweigh the privacy interests at issue and the deference accorded to state-created privileges. See Daniels, 2001 WL 228091, at *1. The motion to unseal is therefore denied.

It is so ordered.

**Dated:** **New York, New York**
**December 11, 2015**

**Robert W. Sweet**
**U.S.D.J.**