```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

SHARIF STINSON, et al.,

                    Plaintiffs,
                                            10 Civ. 4228 (RWS)
     - against -
                                                 OPINION
CITY OF NEW YORK, et al.,

                    Defendants.

-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/16

A P P E A R A N C E S:

    Attorneys for the Plaintiffs

    COHEN & FITCH LLP
    225 Broadway, Suite 2700
    New York, NY 10007
    By:  Gerald M. Cohen, Esq.
        Joshua P. Fitch, Esq.

    THE LAW OFFICES OF JON L. NORINSBERG, ESQ.
    225 Broadway, Suite 2700
    New York, NY 10007
    By:  Jon L. Norinsberg, Esq.

    QUINN EMANUEL URQUHART & SULLIVAN, LLP
    51 Madison Avenue
    New York, NY 10010
    By:  Benjamin J. Gildin, Esq.
        Christopher T. Cook, Esq.
        Elinor C. Sutton, Esq.
        Jennifer D. Bishop, Esq.
        Kevin A. Janus, Esq.
        Steig D. Olson, Esq.
        Stephen R. Neuwirth, Esq.

    Attorneys for the Defendants

    ZACHARY W. CARTER
    CORPORATION COUNSEL OF THE CITY OF NEW YORK

```
100 Church Street
New York, NY 10007
By: Qiana C. Smith-Williams, Esq.
    Joanne M. McLaren, Esq.
    Lisa M. Richardson, Esq.
    Sheila Weinstein, Esq.
    Steven M. Silverberg, Esq.
    Suzanna P. Mettham, Esq.
    Daniel S. Passeser, Esq.
```

**Sweet, D.J.,**

Defendants Raymond W. Kelly, the City of New York, and 50 John Doe police officers (collectively, the "Defendants" or the "City") have filed a second motion seeking to remove the statutory seal imposed by N.Y.C.P.L. §§ 160.50 and 160.55 on the records of all individuals whose criminal court summonses were dismissed for factual insufficiency between May 1, 2007 and the conclusion of this litigation. Based on the conclusions set forth below, the motion is granted in part and denied in part.

**Prior Proceedings**

Prior opinions have set forth the history of this class action, familiarity with which is assumed. See, e.g., Stinson v. City of New York, 282 F.R.D. 360, 364-67 (S.D.N.Y. 2012) (laying out the facts of the case). The Defendants filed a previous motion to unseal the summonses on August 12, 2015. (Dkt. No. 228.) That motion sought the unsealing in order to identify and depose presumptive members of the plaintiff class, and then to challenge whether the summonses issued to them truly lacked probable cause. (See id. at 1.) The prior motion was denied by an opinion dated December 11, 2015, which rejected any discovery into absent class members and ruled that all such

3

inquiries should be deferred until the claims process, after common questions of fact and law have been resolved. Stinson v. City of New York, No. 10 Civ. 4228, 2015 WL 8675360 (S.D.N.Y. Dec. 11, 2015).

The Defendants filed their second motion to unseal the records on January 21, 2016. (Dkt. No. 266.) The Plaintiffs filed their opposition papers on February 4, 2016 (Dkt. No. 270), and the Defendants replied on February 10, 2016. (Dkt. No. 271). The motion was heard the following day.

**Applicable Standard**

The primary purpose of the sealing of records pursuant N.Y.C.P.L. §§ 160.50 and 160.55 is to ensure confidentiality and to protect the charged individual from the potential public stigma associated with a criminal prosecution. See Lehman v. Kornblau, 206 F.R.D. 345, 347 (E.D.N.Y. 2001) (citing Harper v. Angiolillo, 89 N.YY.2d 761, 766 (1997)). However, like other state statutory privileges, these seals "must be construed narrowly, and must yield when outweighed by a federal interest in presenting relevant information to a trier of fact. . . . Thus, as a matter of comity, federal courts must balance the deference to be accorded state created privileges with the need for the information sought to be protected by the privilege."

4

Daniels v. City of New York, No. 99 Civ. 1695, 2001 WL 228091, at *1 (S.D.N.Y. Mar. 8, 2001). The policy priorities that the state legislature sought to further by enacting these privacy protections must be given "serious consideration, even if they are not determinative." Id.

**The Motion is Granted in Part and Denied in Part**

The instant matter differs from the previous motion to unseal not in the relief that the Defendants seek, but in what they intend to do once they receive it. While the previous motion to unseal sought access to the City's dismissed summons records in order to contact presumptive members of the plaintiff class, depose them, and establish that the summonses issued to them did in fact have probable cause, see Stinson, 2015 WL 8675360, at *1, the current motion seeks to have the records unsealed so that an expert can aggregate the statistics and discern patterns, and to identify officers who issued disputed summonses so that they can be called at trial. The first use of the records is permissible; the second is not.

As a threshold matter, the Plaintiffs argue that the Court should not consider the merits of the City's motion because it is, in effect, a motion for reconsideration filed outside the 14-day period established by Local Civil Rule 6.3. They also

note that the Defendants do not cite any new facts or law that the Court ignored in its prior Opinion, and that the arguments made in support of the instant motion could have (and perhaps should have) been raised at that time. "Courts in the Second Circuit are reluctant to permit parties . . . to avoid both the filing deadlines of a motion for reconsideration and the legal requirements of such a motion by disguising such a motion as an amended pleading or as another motion." State Farm. Mut. Auto Ins. Co. v. Mallela, No. 00 Civ. 4923, 2002 WL 31946762, at *14 (E.D.N.Y. Nov. 21, 2002). However, courts can and do exercise their discretion to consider new arguments even when the procedural requirements for reconsideration are in doubt. See, e.g., id.

One of the central elements that the Plaintiffs must prove at trial is the existence of an official policy, pattern, or practice sufficient to satisfy the requirements of Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978). It is expected that the Plaintiffs will point to the sheer number of dismissed summonses – approximately 850,000 – as evidence of the existence of such a policy, and the Plaintiffs indicated at oral argument that this contention will likely be part of their case at trial. Although the Court concluded at the class certification stage that "the vast majority of those summonses . . . have been dismissed for want

of probable cause," Stinson v. City of New York, 282 F.R.D. 360, 377 (S.D.N.Y. 2012), the jury is entitled to make its own, independent determination regarding that factual issue at trial.

The Defendants contend that by allowing an expert to analyze the narrative statements written by NYPD officers when issuing a summons, perhaps from a representative sample section of the hundreds of thousands of summonses at issue, patterns may emerge indicating that the number of summonses that lacked probable cause is not as high as it appears. Statistical analyses of large amounts of NYPD data have been helpful in past cases, see, e.g., Floyd v. City of New York, 283 F.R.D. 153, 166-67 (S.D.N.Y. 2012), and unsealing has at times been ordered for that purpose. See, e.g., Casale v. City of N.Y., No. 07 Civ. 2173, Dkt. No. 7, at *1 (unsealing records of summonses issued for loitering in action alleging an NYPD practice of issuing summonses under unconstitutional subsections of the New York Penal Law). There exists a possibility that experts can aggregate the written narratives and produce probative evidence. Unsealing is therefore permissible for that purpose.[1]

Defendants' second proffered purpose for the unsealing of summonses - to identify the individual officers who issued the summonses and permit them to testify in this case - is not

---

[1] The Court reaches no conclusion regarding whether the statistical evidence produced by the Defendants' experts will ultimately have any probative value, or whether it will be of sufficient reliability to be presented to a jury.

7

permissible. This request is essentially another avenue for discovery into the circumstances of the summonses issued to absent class members, an area of inquiry that the Court has already ruled to be neither relevant nor ripe. Stinson, 2015 WL 8675360, at *2. Given the need to prove a policy, pattern, or practice, and the sheer number of dismissed summonses at issue, the value of any inquiry into individual incidents may be questionable.

The imposition of such a discovery burden is particularly unwarranted at this late stage, where discovery is nearing its end. See id. at *2 (noting that the case had been ongoing for years prior to the previous unsealing motion and chiding the City because it "chose to wait until discovery was drawing to a close.")[2] Moreover, allowing the Defendants to elicit testimony from police officers about summonses issued to absent class members might very well incentivize the Plaintiffs to rebut the officers' testimony by calling those same absent class members to the stand – exactly the outcome rejected in the previous opinion. See id. at *3 (denying unsealing based in part on the privacy interests of the absent members of the plaintiff class). The motion is therefore denied with respect to officer names and other identifying information, but granted with regard to the

---

[2] At oral argument, counsel for the City represented that the process of unsealing the summons records would not result in a delay in the discovery schedule.

8

narrative section of the dismissed summonses.  Cf. MacNamara v. City of New York, No. 04 Civ. 9612, 2006 WL 3298911, at *5-6 (S.D.N.Y. Nov. 13, 2006) (allowing production of arrest narratives, but rejecting production of large number of officer names where the burden would be "significant" and the list would contain innocent officers, as well as those who engaged in abusive behavior); Larsen v. City of New York, No. 04 Civ. 0665, 2005 WL 1020871, at *2 (S.D.N.Y. Apr. 28, 2005) (declining motion to compel production of names and memo books from all officers assigned to a demonstration where the information would be relevant "only in particularized instances").

**Conclusion**

The motion to unseal is granted in part and denied in part, as set forth above.  The Defendants shall submit a proposed Order allowing the unsealing, which shall provide for the redaction or withholding of information identifying both the citizen who received the summons and the officer who issued it. The Order shall also limit the distribution of all non-public summons information to the parties' attorneys and experts.

It is so ordered.

Dated: New York, New York
February 23, 2016

_____
Robert W. Sweet
U.S.D.J.