quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7325**

WRITER'S INTERNET ADDRESS
**elinorsutton@quinnemanuel.com**

March 16, 2016

<u>VIA E-FILE AND FAX</u>
Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Stinson v. City of New York*, **10-cv-4228 (RWS)**

Dear Judge Sweet:

  I write on behalf of Plaintiffs in the above-captioned action. Two days ago, during negotiations related to the unsealing of records pursuant to the Court's February 24, 2016 Order (Dkt 284), Plaintiffs learned for the first time that Defendants believe the NYPD may access and use records sealed under New York Criminal Procedure Law §§ 160.50 and 160.55 even without invoking an enumerated exception. Specifically, Corporation Counsel wrote that the "NYPD already has a significant portion of [the Class's sealed records], and 160.50/160.55 . . . only prevents them from sharing it with [Corporation Counsel]." Ex. A (3/14/16 Email at 3:09PM). Defendants also stated that § 160.50 places "*no restriction* on [the] NYPD's use of its own records (aside from photographs and fingerprints)" and "merely prevent[s] the police department from making the records available to other persons or public or private agencies." *Id.* (3/14/16 Email at 7:28PM) (emphasis added). When Plaintiffs requested more information, Defendants stated that they do not "have any duty to inform [Plaintiffs] of how, when, or if [the NYPD] accesses" sealed records, including those of the Class. *Id.* Plaintiffs submit that because this issue concerns the government's potential invasion of the privacy of the innocent public, including the Class, it is appropriate for the Court to address this crucial issue at tomorrow's hearing.[1]

  Defendants' recent statements are alarming. The New York Legislature enacted § 160.50 "to remove any stigma related to *accusations* of criminal conduct" and "to ensure protection for exonerated individuals that is consistent with the presumption of innocence." *Lino v. City of New York*, 101 A.D.3d 552, 556 (N.Y. App. Div. 2012) (quotation omitted). Despite this, Defendants have stated that the NYPD "is permitted to access and/or use sealed information for a

---

[1]  Should the Court ask for briefing, Plaintiffs respectfully request the right to submit a full opening brief.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

variety of reasons, including for the purposes of investigating crimes and/or apprehending suspects." Ex. A (3/15/16 Email at 3:04PM).[2]  For example, Defendants said Plaintiffs should agree that it would be proper for the NYPD to use sealed information to investigate criminal activity by using sealed records to locate an individual involved in an assault.

Not only have Defendants revealed that there is a "laundry list of ways in which the department accesses and/or uses sealed information" (*id.*), Defendants refuse to confirm if the NYPD has accessed or used the sealed records of the Class without a release for purposes of this case, including by reviewing data in sealed summonses.[3]  Plaintiffs are entitled to know if the NYPD has been using sealed records without a release for purposes of this matter, as well as details concerning the extent of the use.[4]  Defendants cannot claim, as they have here, that because this "is a massive litigation, spanning many years," they need not confirm if the NYPD has acted unlawfully.  *Id.* (3/15/16 Email at 4:19PM).  Indeed, Plaintiffs are concerned that Defendants are unable to simply state—absent a "massive undertaking"—that they have complied with the law.  *Id.*

Finally, Defendants' insistence that there is almost "no restriction" on the NYPD's ability to use sealed records is in conflict with Your Honor's February 24, 2016 Order.  The Order "limit[s] the distribution of all non-public summons information to the parties' attorneys and experts."  Dkt 284 at 9.  Obviously, the NYPD does not fall into either category, and therefore, the sealed information in these records may not be distributed within the NYPD.

Accordingly, Plaintiffs respectfully request that the Court instruct Defendants: 1) that only attorneys who have appeared in this matter and the parties' experts may access the sealed records of the Class for purposes of this litigation; and 2) to disclose in detail if the NYPD has accessed the Class's sealed records for any purpose relating to this proceeding without a release.

Respectfully submitted,

/s/ Elinor C. Sutton

Elinor C. Sutton
Quinn Emanuel Urquhart & Sullivan, LLP
*Co-Lead Class Counsel for Plaintiffs*

---

[2]  Defendants refused to "confirm or deny" whether the NYPD believes it needs a release to use sealed records for this purpose. *Id.* (3/15/16 Email at 4:19PM).

[3]  The closest that Defendants have come to providing any substantive information as to how the sealed records of the Class are being used for purposes of this litigation is to say that it is Corporation Counsel's understanding that "upon information and belief," sealed information is not used in civil litigations without a release.  *Id.* (3/15/16 Email at 3:04PM).  Corporation Counsel will not, however, provide actual confirmation that sealed information is not being used without a release for purposes of this matter.

[4]  While Corporation Counsel emphasizes that it does not have access to the sealed records, this does not alleviate the ongoing harm from its client having the purported ability to access, use, review, and analyze the information in the summonses.  Under Defendants' reading of the law, any NYPD witness may review sealed information prior to testifying.  Moreover, there is no doubt that the NYPD and Corporation Counsel communicate, and the NYPD's unauthorized review of the information would clearly alter their strategic view of the case.

# Exhibit A

| | |
|---|---|
| **From:** | Passeser, Daniel (Law) <dpassese@law.nyc.gov> |
| **Sent:** | Monday, March 14, 2016 3:09 PM |
| **To:** | Elinor Sutton; Smith-Williams, Qiana (Law); Mettham, Suzanna (Law); Beck, Curt (Law); McLaren, Joanne (Law); Seligman, Rachel A. (Law); Lim, Daniel (Law) |
| **Cc:** | Stephen Neuwirth; Steig Olson; Gerald Cohen; Joshua Fitch; Jon Norinsberg; Kevin Janus |
| **Subject:** | RE: Stinson, et al. v. City of New York, et al., 10 Civ. 4228 (RWS) |

Ellie,

I'm not sure exactly what your question is. We have included NYPD because, after we know which summonses were dismissed for facial insufficiency from OCA, we could use NYPD's systems if they offer better interface, searchability, etc. It might be the case that the NYPD's scan of a summons is more legible than the data OCA has which would be in an Excel spreadsheet. While we will not be able to obtain any data from NYPD that we would not be getting from OCA, it may be easier to use NYPD's systems once OCA provides the data on which summonses were dismissed as facially insufficient.

If your question goes to why we need to be able to share what we get from OCA with NYPD, then I think that misunderstands Section 160.50. NYPD already has a significant portion of this data, and 160.50/160.55 does not prevent NYPD from having this information. It only prevents them from sharing it with us.

Thanks,

Daniel Passeser
Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department
100 Church St. Room 3-203B
New York, NY 10007
T: (212) 356-2377
F: (212) 356-3509

**From:** Elinor Sutton [mailto:elinorsutton@quinnemanuel.com]
**Sent:** Monday, March 14, 2016 2:50 PM
**To:** Passeser, Daniel (Law); Smith-Williams, Qiana (Law); Mettham, Suzanna (Law); Beck, Curt (Law); McLaren, Joanne (Law); Seligman, Rachel A. (Law); Lim, Daniel (Law)
**Cc:** Stephen Neuwirth; Steig Olson; Gerald Cohen; Joshua Fitch; Jon Norinsberg; Kevin Janus
**Subject:** RE: Stinson, et al. v. City of New York, et al., 10 Civ. 4228 (RWS)

Counsel,

Please explain why you believe it is necessary that the New York City Police Department not to be bound by the statutory sealing requirements of CPL §§ 160.50 and 106.55, when it appears that Defendants will be obtaining the summonses from the Office of Court Administration, and that the Office of Court Administration shall be redacting information from those summonses. Even to the extent that Defendants are concerned that they may need to check the redactions by the OCA, any such work can be performed by the Office of the Corporation Counsel.

We would appreciate a response to this question as soon as possible.

| | |
|---|---|
| **From:** | Passeser, Daniel (Law) <dpassese@law.nyc.gov> |
| **Sent:** | Monday, March 14, 2016 7:28 PM |
| **To:** | Elinor Sutton; Smith-Williams, Qiana (Law); Mettham, Suzanna (Law); Beck, Curt (Law); McLaren, Joanne (Law); Seligman, Rachel A. (Law); Lim, Daniel (Law) |
| **Cc:** | Stephen Neuwirth; Steig Olson; Gerald Cohen; Joshua Fitch; Jon Norinsberg; Kevin Janus |
| **Subject:** | RE: Stinson, et al. v. City of New York, et al., 10 Civ. 4228 (RWS) |

Ellie,

A plain reading of CPL 160.50 places no restriction on NYPD's use of its own records (aside from photographs and fingerprints), it merely prevents the police department from making the records available to other persons or public or private agencies. Please "immediately" provide the source of your authority to the contrary. Without such authority, you have no good-faith basis to challenge the NYPD's use of its own sealed records, nor do I have any duty to inform you of how, when, or if it accesses them.

Thanks,

Dan

Sent from my Verizon Wireless 4G LTE smartphone
-------- Original message --------
From: Elinor Sutton <elinorsutton@quinnemanuel.com>
Date: 03/14/2016 6:33 PM (GMT-05:00)
To: "Passeser, Daniel (Law)" <dpassese@law.nyc.gov>, "Smith-Williams, Qiana (Law)" <qwilliam@law.nyc.gov>, "Mettham, Suzanna (Law)" <smettham@law.nyc.gov>, "Beck, Curt (Law)" <cbeck@law.nyc.gov>, "McLaren, Joanne (Law)" <jmclaren@law.nyc.gov>, "Seligman, Rachel A. (Law)" <rseligma@law.nyc.gov>, "Lim, Daniel (Law)" <dlim@law.nyc.gov>
Cc: Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>, Steig Olson <steigolson@quinnemanuel.com>, Gerald Cohen <gcohen@cohenfitch.com>, Joshua Fitch <jfitch@cohenfitch.com>, Jon Norinsberg <norinsberg@aol.com>, Kevin Janus <kevinjanus@quinnemanuel.com>
Subject: RE: Stinson, et al. v. City of New York, et al., 10 Civ. 4228 (RWS)

Dan,

Whether or not the NYPD is accessing the sealed records of the Class is certainly not "irrelevant," and your statement otherwise is again alarming. If we do not receive timely confirmation that the NYPD is not currently accessing and using the sealed records of the Class, we will have no choice but to bring this grave and illegal invasion of thousands of individuals' privacy to the Court's attention. Once more, please promptly confirm that the NYPD is not accessing or using the sealed records of our Class. If you have case law or other material that you believe supports the position that the NYPD can access the sealed records of the Class, please immediately provide that for our review.

While we understand that we have requested an immediate response, this issue requires prompt attention. Plaintiffs do not believe that a simple confirmation should be time consuming.

Best,
Ellie

**Elinor Sutton**
212-849-7325

1

| | |
|---|---|
| **From:** | Passeser, Daniel (Law) <dpassese@law.nyc.gov> |
| **Sent:** | Tuesday, March 15, 2016 4:19 PM |
| **To:** | Elinor Sutton; Smith-Williams, Qiana (Law); Mettham, Suzanna (Law); Beck, Curt (Law); McLaren, Joanne (Law); Seligman, Rachel A. (Law); Lim, Daniel (Law) |
| **Cc:** | Stephen Neuwirth; Steig Olson; Gerald Cohen; Joshua Fitch; Jon Norinsberg; Kevin Janus |
| **Subject:** | RE: Stinson, et al. v. City of New York, et al., 10 Civ. 4228 (RWS) |

Ellie,

No. Stinson is a massive litigation, spanning many years and involving many, many attorneys and officers at the police department. To get a declaration confirming that none of them ever accessed sealed information for any reason relevant to this lawsuit would be a massive undertaking, and it is not in fact relevant to any of the issues actually being litigated in this action (existence of a quota, causation between the quota and the issuance of summonses without probable cause). You have no good-faith basis to believe that the Police Department has been conducting secret analysis of the summonses in the class.  Further, even if they did, they could not share their results with us.

With regard to your request that I confirm whether the NYPD believes it needs a release to use sealed information to investigate crimes and apprehend suspects: I will not confirm or deny that. It has nothing to do with this litigation.

Further conferrals on this matter are not necessary nor will they be productive.  At this point, we would like to focus on plaintiffs' proposed changes to the remainder of the unsealing order. We would like to file the proposed order tomorrow, and expect your proposed changes by noon.

Thanks,

Daniel Passeser
Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department
100 Church St. Room 3-203B
New York, NY 10007
T: (212) 356-2377
F: (212) 356-3509

---

**From:** Elinor Sutton [mailto:elinorsutton@quinnemanuel.com]
**Sent:** Tuesday, March 15, 2016 3:21 PM
**To:** Passeser, Daniel (Law); Smith-Williams, Qiana (Law); Mettham, Suzanna (Law); Beck, Curt (Law); McLaren, Joanne (Law); Seligman, Rachel A. (Law); Lim, Daniel (Law)
**Cc:** Stephen Neuwirth; Steig Olson; Gerald Cohen; Joshua Fitch; Jon Norinsberg; Kevin Janus
**Subject:** RE: Stinson, et al. v. City of New York, et al., 10 Civ. 4228 (RWS)

Dan,

For the sake of clarity, our question should be understood to mean that the information has not been accessed or used for any purpose relating to the Stinson proceeding.  Therefore, we are asking for actual confirmation that sealed

1

information has not been accessed or used for any purpose relating to the Stinson proceeding, without a written release from the individual whose records were accessed.

Thank you.

**Elinor Sutton**
212-849-7325

---

**From:** Elinor Sutton
**Sent:** Tuesday, March 15, 2016 3:11 PM
**To:** 'Passeser, Daniel (Law)' <dpassese@law.nyc.gov>; Smith-Williams, Qiana (Law) <qwilliam@law.nyc.gov>; Mettham, Suzanna (Law) <smettham@law.nyc.gov>; Beck, Curt (Law) <cbeck@law.nyc.gov>; McLaren, Joanne (Law) <jmclaren@law.nyc.gov>; Seligman, Rachel A. (Law) <rseligma@law.nyc.gov>; Lim, Daniel (Law) <dlim@law.nyc.gov>
**Cc:** Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>; Steig Olson <steigolson@quinnemanuel.com>; Gerald Cohen <gcohen@cohenfitch.com>; Joshua Fitch <jfitch@cohenfitch.com>; Jon Norinsberg <norinsberg@aol.com>; Kevin Janus <kevinjanus@quinnemanuel.com>
**Subject:** RE: Stinson, et al. v. City of New York, et al., 10 Civ. 4228 (RWS)

Dan,

Can you please provide actual confirmation that sealed information has not been accessed or used in the Stinson proceeding for *any* reason without a written release from the individual whose records were accessed? Statements based upon Corporation Counsel's information and belief are not sufficient in a matter of such grave importance.

Thank you,
Ellie

**Elinor Sutton**
212-849-7325

---

**From:** Passeser, Daniel (Law) [mailto:dpassese@law.nyc.gov]
**Sent:** Tuesday, March 15, 2016 3:04 PM
**To:** Elinor Sutton <elinorsutton@quinnemanuel.com>; Smith-Williams, Qiana (Law) <qwilliam@law.nyc.gov>; Mettham, Suzanna (Law) <smettham@law.nyc.gov>; Beck, Curt (Law) <cbeck@law.nyc.gov>; McLaren, Joanne (Law) <jmclaren@law.nyc.gov>; Seligman, Rachel A. (Law) <rseligma@law.nyc.gov>; Lim, Daniel (Law) <dlim@law.nyc.gov>
**Cc:** Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>; Steig Olson <steigolson@quinnemanuel.com>; Gerald Cohen <gcohen@cohenfitch.com>; Joshua Fitch <jfitch@cohenfitch.com>; Jon Norinsberg <norinsberg@aol.com>; Kevin Janus <kevinjanus@quinnemanuel.com>
**Subject:** RE: Stinson, et al. v. City of New York, et al., 10 Civ. 4228 (RWS)

Ellie,

The NYPD is permitted to access and/or use sealed information for a variety of reasons, including for the purposes of investigating crimes and/or apprehending suspects (law enforcement purposes) and/or licensing purposes (handguns, etc.). Defendants will not provide a laundry list of ways in which the department accesses and/or uses sealed information. I will represent, however, upon information and belief, that sealed information is not used in civil proceedings without a release.

When do you anticipate that we will have the proposed changes to the unsealing order?

Dan